**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

ROTHSCHILD DIGITAL
CONFIRMATION, LLC,

        Plaintiff,

        v.

COMPANYCAM, INC.,

        Defendant.

Civil Action No. _____

**PATENT**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Rothschild Digital Confirmation, LLC. ("Rothschild" or "Plaintiff"), through its undersigned attorneys, sues Defendant, CompanyCam, Inc. ("CompanyCam"), and alleges:

## NATURE OF THE ACTION

1.     This is an action for infringement of U.S. Patent No. 7,456,872, ("the '872 patent"), arising under the patent laws of the United States, Title 35, United States Code, 35 U.S.C. §§ 271 and 281.  This action relates to the unauthorized making, using, offering for sale, selling, and/or importing of unauthorized products that infringe the claims of the '872 patent.  As set forth herein, Plaintiff brings this action to enjoin Defendant from infringing the '872 patent and to recover all damages associated with the infringement of the '872 patent, including attorneys' fees and costs.

**PARTIES**

2.      Rothschild is a corporation organized and existing under the laws of the State of

Texas, with its principal place of business at 1400 Preston Road, Suite 400, Plano, TX 75093-

5189.

3.      Upon information and belief, CompanyCam is a corporation organized and

existing under the laws of the State of Delaware, having a principal place of business and its

headquarters at 808 P Street, #430, Lincoln, NE 68508.

**JURISDICTION AND VENUE**

4.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et*

*seq,* and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331

and 1338(a).  Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

5.      Upon information and belief, this Court has personal jurisdiction over

CompanyCam, because, *inter alia*, CompanyCam is incorporated in this district and has its

registered agent in this district, and has a principal place of business in this district.

6.      Upon information and belief, CompanyCam regularly and continuously transacts

business within the State of Delaware, including availing itself of the privilege of conducting

business in the State of Delaware by selling its CompanyCam products there for use by Delaware

citizens.  Upon information and belief, CompanyCam derives substantial revenue from its sales

including residents in the State of Delaware.  For instance, CompanyCam offers its products for

sale      online      to      customers,      including      customers      in      Delaware.      *See*

https://companycam.com/features.

7.      Upon information and belief, CompanyCam will directly and/or through its

employees or agents, and/or its customers, uses products, as defined below, that contain each and

every element of at least one claim of the '872 patent with the knowledge and/or understanding

that such products are used or will be used in this District. For example, Defendant offers the accused product to customers in Delaware through its website. *See id.* Upon information and belief, Defendant has engaged in substantial and not isolated activity within the district. For these reasons, exercise of jurisdiction over Defendant is proper and will not offend traditional notions of fair play and substantial justice.

8.  Regarding at least some of its activities, Defendant solicits business from and markets its products to consumers within Delaware by providing a product that verifies an assignment of a user, as described in the '872 patent.

9.  In addition to Defendant's continuously and systematically conducting business in Delaware, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in the State of Delaware including Defendant's use of a locational image verification device for verifying an assignment of a user, as described in the '872 Patent.

10.  Defendant is a company that has a regular and established presence in the district and makes and uses a product that us locational image verification device for verifying an assignment of a user. *See* Exhibit 2.

11.  Defendant's product includes a user verification module for verifying an identity of a user of the device, which upon verification of the user, the user verification module enables operation of the device and provides an assignment to the user. *See id.*

12.  Defendant's product includes a capture module for capturing an image relating to the assignment and creating a digital image file wherein the user verification verifies the identity of the user of the device at a time of the image capture. *See id.*

13.  Defendant's product includes a locational information module for determining a location of the device when capturing the image.

14.     Defendant's product includes a date and time module for determining a date and time of the image capture.  *See id*.

15.     Defendant's product includes a processing module for associating the assignment, the user identity, location information and the time and date to the digital image file.  *See id*.

16.     Defendant's product includes an encryption module for encrypting the digital image file and associated information (e.g., data encryption) upon image capture.  *See id*.

17.     For the reasons set forth above, venue is proper in this judicial district under both 28 U.S.C. § 1400(b).

## BACKGROUND

18.     On November 25, 2008, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '872 patent, entitled "Device and method for embedding and retrieving information in digital images" after a full and fair examination.  *See* Exhibit 1.

19.     Rothschild is presently the owner of the patent, having received all right, title and interest in and to the '872 patent from the previous assignee of record.  Therefore, Rothschild, as the owner of the entire right, title and interest in the '872 patent, possesses the right to sue for infringement of the '872 patent to recover past and present damages, as well as seek an injunction or reasonable royalties against future infringement.

## THE '872 PATENT

20.     The '872 patent contains a total of thirty-nine (39) claims: two (2) independent claims and thirty-seven (37) dependent claims.

21.     The '872 patent claims locational image devices and methods for verifying an assignment of a user.

22.     Defendant commercializes, inter alia, locational image software for devices that include each and every element and/or performs each and every step of at least one claim of the '872 patent

23.     The '872 patent will expire no earlier than September 16, 2026.

24.     The '872 patent discloses and claims, in part, "Devices, systems and methods for capturing, storing, allowing user input, receiving internal input, processing, transmitting, scanning, and displaying digital images is provided. Digital photography has gained a substantial share of the worldwide photographic market." *See* Exhibit 1 at Col. 2, lines 10-13.  The invention disclosed and claimed in the '872 patent solved at least one technical issue associated with the art of digital image and data processing.  For example, the invention increased the ease of use and efficiency of organizing images and associating vital information with a collection of images.  As such, the invention disclosed and claimed in the '872 patent represents a technical solution to a problem associated with digital image capture.

### INFRINGEMENT BY COMPANYCAM AND ITS CUSTOMERS

25.     The accused products include, but are not limited to, CompanyCam's CompanyCam ("the Accused Product").  CompanyCam instructs its customers to install the Accused Product on mobile devices and use the Accused Product in accordance with the invention described and claimed in the '872.  This constitutes direct infringement by CompanyCam's customers and indirect infringement by CompanyCam.  Furthermore, upon information and belief, CompanyCam has tested the Accused Product on mobile devices, and this constitutes direct infringement by CompanyCam.

26.     The Accused Product when used on the mobile device infringes claim 27.  The Accused Product allows for a method for verifying an assignment of a user.  *See* Exhibit 2; https://play.google.com/store/apps/details?id=com.agilx.companycam&hl=en_US;

https://companycam.com/features;                    https://app.companycam.com/users/sign_in;

https://companycam.com/blog/how-to-create-a-project;

https://app.companycam.com/users/sign_in.  Upon information and belief, Defendant has tested

the Accused Product on mobile devices and has thus infringed claim 1 of the '872 patent during

at least testing of the Accused Product.  *See, generally,* https://companycam.com/features.

27.     When used by CompanyCam's customers, as instructed by CompanyCam, and,

upon information and belief, used during testing of the Accused Product by CompanyCam, the

Accused Product on the mobile device performs the step of verifying a user of the device to

enable use of the device.   *See* Exhibit 2; https://app.companycam.com/users/sign_in;

https://companycam.com/blog/how-to-create-a-project;

https://app.companycam.com/users/sign_in.

28.     When used by CompanyCam's customers, as instructed by CompanyCam, and,

upon information and belief, used during testing of the Accused Product by CompanyCam, the

Accused Product on the mobile device performs the step of receiving assignment information for

the user upon verification (e.g., mobile application checks the entered login credentials of the

user and verify an individual. Upon successful verification of the user, mobile application is

displaying    work    agenda    assigned    to    an    individual).    *See*    Exhibit    2;

https://app.companycam.com/users/sign_in;        https://companycam.com/blog/how-to-create-a-

project.

29.     When used by CompanyCam's customers, as instructed by CompanyCam, and,

upon information and belief, used during testing of the Accused Product by CompanyCam, the

Accused Product on the mobile device performs the step of capturing an image with an imaging

device relating to the assignment and creating a digital image file (e.g., the user can click the

image  of  the  work  progress  and  sync  the  data  with  a  server).   *See*  Exhibit  2;

https://play.google.com/store/apps/details?id=com.agilx.companycam&hl=en_US;

https://companycam.com/before-and-after; https://companycam.com/industries/plumbing.

30.     When used by CompanyCam's customers, as instructed by CompanyCam, and, upon information and belief, used during testing of the Accused Product by CompanyCam, the Accused Product on the mobile device performs the step of determining an identity of the user at a time of the image capture (e.g., after successful login, the user can capture an image of the assignment).  *See* Exhibit 2; https://companycam.com/.

31.     When used by CompanyCam's customers, as instructed by CompanyCam, and, upon information and belief, used during testing of the Accused Product by CompanyCam, the Accused Product on the mobile device performs the step of determining a location of the device upon image capture (e.g., using the GPS signal to capture a real time location of the mobile device).   *See*  Exhibit  2;  https://companycam.com/blog/3-creative-ways-to-use-companycam-photos;       https://play.google.com/store/apps/details?id=com.agilx.companycam&hl=en_US; https://companycam.com/.

32.     When used by CompanyCam's customers, as instructed by CompanyCam, and, upon information and belief, used during testing of the Accused Product by CompanyCam, the Accused Product on the mobile device performs the step of determining a date and time of the image capture (e.g., associating the job time spent with the field data collected by the user).  *See* Exhibit  2;  https://companycam.com/;  https://companycam.com/blog/3-creative-ways-to-use-companycam-photos.

33.     When used by CompanyCam's customers, as instructed by CompanyCam, and, upon information and belief, used during testing of the Accused Product by CompanyCam, the Accused Product on the mobile device performs the step of associating the assignment information, the user identity, location information and the date and time to the digital image file

(e.g., collecting the filed information from the user and link the captured photos, real time location date and a time spent on the field to complete the assignments).  *See* Exhibit 2; https://companycam.com/;  https://companycam.com/blog/3-creative-ways-to-use-companycam-photos; https://play.google.com/store/apps/details?id=com.agilx.companycam&hl=en_US.

34.     When used by CompanyCam's customers, as instructed by CompanyCam, and, upon information and belief, used during testing of the Accused Product by CompanyCam, the Accused Product on the mobile device performs the step of encrypting the associated information and digital image file upon image capture (e.g., SSL technologies are used for encryption).  *See* Exhibit 2; https://help.companycam.com/faq/are-my-photos-secure.

35.     As shown in paragraphs 25-35 above, the Accused Product as installed on a mobile device contains all of the elements of at least claim 27 of the '872 patent. Defendant's Accused Product is enabled by invention described and claimed in the '872 patent.

**COUNT I**

**(DIRECT INFRINGEMENT OF THE '872 PATENT BY COMPANYCAM)**

36.     Each of the preceding paragraphs 1 through 35 are realleged and incorporated as if fully set forth.

37.     In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '872 patent.

38.     Defendant has had knowledge of infringement of the '872 patent, or will have knowledge of infringement of the '872 patent upon the service of this Complaint.  Defendant's infringement of the '872 patent will thus be knowing and intentional at least upon the service of this Complaint.

39.     Defendant has directly infringed and continues to directly infringe at least claim 27 of the '872 patent by making, using, offering to sell, selling, and/or importing the Accused

Product with a mobile device without authority in the United States.  Defendant does not have a license or authorization to use any product covered by the claims of the '872 patent.

40.     As a direct and proximate result of Defendant's direct infringement of the '872 patent, Plaintiff has been and continues to be damaged.

41.     By engaging in the conduct described herein, Defendant has injured Rothschild and is thus liable for direct infringement of the '872 patent, pursuant to 35 U.S.C. § 271(a).

42.     As a result of Defendant's infringement of the '872 patent, Rothschild has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

43.     If infringement of the '872 patent by CompanyCam is not enjoined, Rothschild will suffer substantial and irreparable harm now and in the future for which there is no adequate remedy at law.

## COUNT II

## (INDIRECT INFRINGEMENT OF THE '872 PATENT BY COMPANYCAM)

44.     Each of the preceding paragraphs 1 through 43 are realleged and incorporated as if fully set forth.

45.     In violation of, at least, 35 U.S.C. §§ 271, Defendant is now, and has been indirectly infringing the '872 patent.

46.     Defendant has indirectly infringed and continues to indirectly infringe at least claim 27 of the '872 patent by actively inducing and/or contributing to its respective customers, users, and/or licensees to directly infringe by using the Accused Product in a manner that infringes the '872 patent.  Defendant engaged or will have engaged in such inducement and/or contributory infringement having knowledge of the '872 patent.  Defendant also knew or should have known that its action would induce direct infringement by others and intended that its

actions would induce direct infringement by others.  For example, Defendant sells, offers to sell and advertises the Accused Product through websites or digital distribution platforms that are available in the State of Delaware, specifically intending that its customers use it on mobile devices.

47.     Furthermore, Defendant's customers' use of the Accused Product is facilitated by the use of the device and method described and claimed in the '872 patent. As a direct and proximate result of Defendant's indirect infringement by inducement of the '872 patent, Plaintiff has been and continues to be damaged.

48.     Neither Defendant nor its customers, licensees, and users have license or authorization to the '872 patent.

49.     As a result of Defendant's indirect infringement and its customers' direct infringement of the '872 patent, Rothschild has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

50.     If Defendant's direct infringement and its customers' direct infringement of the '872 patent is not enjoined, Rothschild will suffer substantial and irreparable harm now and in the future for which there is no adequate remedy at law.

## **DEMAND FOR JURY TRIAL**

51.     Rothschild demands a trial by jury of all causes of action that are so triable.

## **REQUEST FOR RELIEF**

WHEREFORE, Rothschild respectfully requests that this Court grant the following relief:

1.     That Defendant be adjudged to have infringed the '872 patent directly, literally and/or under the doctrine of equivalents;

2.      An order permanently enjoining CompanyCam, its affiliates, subsidiaries, and each of its officers, agents, servants and employees, and those acting in privity or concert with it, from making, using, offering to sell, or selling in the United States, or importing into the United States, the Accused Product, any component of the Accused Product that constitutes a material part of the claimed invention, or any product that infringes the '872 patent until after the expiration date of the '872 patent, including any extensions and/or additional periods of exclusivity to which Rothschild is, or becomes, entitled;

3.      An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Rothschild for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

4.      An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest, expert fees, and costs incurred during this litigation, in accordance with 35 U.S.C. §284;

5.      That Defendant's infringement after service of this Complaint is intentional and knowing infringement and the assessment of three times the damages found for infringement after service of this Complaint, in accordance with 35 U.S.C. §284;

6.      That Defendant be directed to pay enhanced damages, including Rothschild's attorneys' fees incurred during this litigation pursuant to 35 U.S.C. §285; and

7.      Such further relief as this Court deems proper and just, including but not limited to any appropriate relief under Title 35.

Dated June 15, 2019.

STAMOULIS & WEINBLATT, LLP

OF COUNSEL:

_/s/ Stamatios Stamoulis_

David A. Chavous, Esq.
(*pro hac vice* forthcoming)
CHAVOUS INTELLECTUAL
PROPERTY LAW LLC
793 Turnpike Street, Unit 1
North Andover, MA 01845
Phone: (978) 655-4309
Fax: (978) 945-0549
dchavous@chavousiplaw.com

Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
800 N. West Street Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Attorneys for Plaintiff*
*Rothschild Digital Confirmation, LLC.*