IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROTHSCHILD DIGITAL CONFIRMATION, LLC, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | C.A. No. 19-1109-MN |
| COMPANYCAM, INC., ) ) | |
| Defendant. ) | |

**OPENING BRIEF IN SUPPORT OF COMPANYCAM, INC.'S
<u>SECTION 285 MOTION FOR ATTORNEYS' FEES</u>**


OF COUNSEL:
Rachael D. Lamkin
LAMKIN IP DEFENSE
100 Pine Street, Suite 1250
San Francisco, CA 94111
(916) 747-6091

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

Dated: April 16, 2020

## **TABLE OF CONTENTS**

I. NATURE AND STAGE OF THE PROCEEDINGS ...................................................... 1

II. COMPANYCAM IS THE PREVAILING PARTY ....................................................... 3

III. AN AWARD OF FEES AGAINST RDC IS CALLED FOR ON THE FACTS OF THIS CASE AND ROTHSCHILD'S CONDUCT OUTSIDE OF THIS CASE .......... 4

    A. No Reasonable Litigant Would Believe The '872 Patent is Drawn to Patent-Eligible Subject matter ................................................................................. 4

    B. RDC's Settlement Agreements Demonstrate the Value to Which RDC Holds the '872 Patent ................................................................................. 6

    C. Deterrence Favors an Award of Fees Here ............................................... 6

    D. No Reasonable Litigant Would Assert the '872 Patent Against CompanyCam's Smartphone Application ....................................................... 7

IV. RULE 54 REQUESTS FOR BIFURCATED BRIEFING ............................................ 8

V. CONCLUSION ................................................................................................................ 9

# **TABLE OF AUTHORITIES**

**Cases**

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
 573 U.S. 208, 134 S. Ct. 2347 (2014) ...................................................................................... 4

*Berkheimer v. HP Inc.*,
 890 F.3d 1369 (Fed. Cir. 2018) ................................................................................................ 5

*Callaway Golf Co. v. Dunlop Slazenger*,
 384 F. Supp. 2d 735 (D. Del. 2005) ......................................................................................... 3

*Edekka LLC v. 3balls.com, Inc.*, No. 2:15-CV-541 JRG,
 2015 U.S. Dist. LEXIS 168610 (E.D. Tex. Dec. 17, 2015) ..................................................... 6

*Eon-Net LP v. Flagstar Bancorp*,
 653 F.3d 1314 (Fed. Cir. 2011) ................................................................................................ 6

*Finnavations, LLC v. Payoneer, Inc.*, C.A. No. 18-444-RGA,
 2019 U.S. Dist. LEXIS 45306 (D. Del. Mar. 18, 2019) ........................................................... 8

*Highway Equip. Co. v. FECO, Ltd.*,
 469 F.3d 1027 (Fed. Cir. 2006) ................................................................................................ 3

*Hoang v. Bank of Am., N.A.*,
 910 F.3d 1096 (9th Cir. 2018) .................................................................................................. 2

*Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*,
 876 F.3d 1372 (Fed. Cir. 2017) ................................................................................................ 4

*Keith Mfg. Co. v. Butterfield*, No. 2019-1136,
 2020 U.S. App. LEXIS 10813 (Fed. Cir. Apr. 7, 2020) ........................................................... 3

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.,*
 572 U.S. 545, 554, 134 S. Ct. 1749 (2014) ........................................................................... 4, 6

*Raylon, LLC v. Complus Data Innovations, Inc.*,
 700 F.3d 1361 (Fed. Cir. 2012) ................................................................................................ 6

*Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs.*,
 858 F.3d 1383 (Fed. Cir. 2017) ............................................................................................ 4, 6

*Rothschild Dig. Confirmation, LLC v. Skedulo Holdings Inc.*, C.A. No. 19-02659-JD,
 2020 U.S. Dist. LEXIS 47914 (N.D. Cal. Mar. 19, 2020) ....................................................... 2

*Yu v. Apple Inc.,* 392 F. Supp. 3d 1096 (N.D Cal. 2019) ................................................................. 2

**Rules**

Fed. R. Civ. P. 41(a)(2) ..................................................................................................................... 3

Fed. R. Civ. P. 54(d)(2)(C) ................................................................................................................8

Fed. R. Civ. P. 54(d)(2)(B)(iii) ......................................................................................................... 8

I.     **NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff Rothschild Digital Confirmation, LLC ("RDC") filed a complaint alleging patent infringement against Defendant CompanyCam, Inc. ("CompanyCam") on June 15, 2019, asserting claim 27 of US Patent No. 7,456,872 (the "'872 Patent") (D.I. 1, ¶ 26).[1] However, at the time of filing, Claim 27 had already been invalidated by the Patent Trial and Appeal Board at the USPTO ("PTAB"). After being made aware of its error, RDC fled an amended complaint asserting Claim 1 of the '872 Patent. (D.I. 8, ¶ 26; D.I. 8-1.)

Defendant CompanyCam is a Kansas-based start-up that makes a smartphone application that allows its users to embed information in digital photographs. CompanyCam's primary customers are general contractors who want an easy way to organize job sites. As will be detailed below, no reasonable litigant would think CompanyCam's smartphone application infringes the '872 Patent.

The named inventor on the '872 Patent is Leigh Rothschild. Mr. Rothschild is one of the most prolific patent assertion entities, filing almost eight hundred (800) patent litigations in the United States. (Lamkin Decl., ¶3.) Rothschild has been repeatedly called out by the courts and intellectual property press for asserting meritless lawsuits. (Lamkin Decl., ¶4.) Rothschild rarely allows his patents to be tried on the merits. (Lamkin Decl., ¶5, Exh. A.)

The '872 Patent has been asserted in forty-six (46) litigations, but not one of those litigations has progressed even as far as claim construction. (Lamkin Decl., ¶6.)

Here, on August 19, 2019, CompanyCam filed a Rule 12 motion to dismiss, alleging that the claims of the '872 were not patent eligible. (D.I. 10.) On March 11, 2020, the Court held a

---

[1] All docket item references herein are to Civil Action Number 19-1108-MN unless otherwise noted.

hearing on said motion, and found said claims to be patent ineligible.

At the end of the hearing, because not all defendants had joined CompanyCam's motion, the Court requested: "I will ask the parties to submit a status report addressing all of the cases that we have and what, if anything, we need to do with respect to each of those cases." (Transcript of the March 11, 2020 Teleconference ("Tr."), at 48:12-16.)  However, RDC failed to meet and confer with CompanyCam or propose any path forward.  Instead, on March 19, 2020, RDC dismissed CompanyCam with prejudice.  (D.I. 48.)

On that same day, March 19, 2020, the District Court of the Northern District of California dismissed an action by RDC on the same patent, after it too found claim 1 of the '872 ineligible for patenting:

> Because claim 1 of the '872 patent is directed to an abstract idea and does not add an inventive concept, the complaint is dismissed. In light of the plain language of the claims in the patent, the Court has doubts that Rothschild can amend around this problem. Plaintiff is reminded that "a patentee cannot avoid dismissal for ineligible claims purely on the basis of conclusory or generalized statements, and fanciful or exaggerated allegations that later prove to be unsupported may lead to fee shifting or other sanctions." *Yu v. Apple Inc.,* 392 F. Supp. 3d 1096, 1102 (N.D Cal. 2019) (citations omitted).
>
> Since the Court cannot say that any amendment would necessarily be futile and leave to amend "when justice so requires" is to be granted with "extreme liberality," Rothschild may file an amended complaint by April 20, 2020. *Hoang v. Bank of Am., N.A.,* 910 F.3d 1096, 1102 (9th Cir. 2018) (citations omitted).

*Rothschild Dig. Confirmation, LLC v. Skedulo Holdings Inc.*, C.A. No. 19-02659-JD, 2020 U.S. Dist. LEXIS 47914, at *15-16 (N.D. Cal. Mar. 19, 2020).

Even after RDC unilaterally dismissed its action against CompanyCam, RDC has continued to unnecessarily consume the Court's and the remaining parties' time.   After multiple stipulated extensions (*see* C.A. No. 19-1108-MN, D.I. 47, 51), RDC filed a status report taking the position that the other defendants must remain in the case, that it intended to produce its initial infringement contentions, that the defendants' invalidity contentions remained due, and

that RDC "intends to move to amend the complaints filed in the remaining cases here pursuant to Rule 15," (C.A. No. 19-1108-MN, D.I. 55 at ¶ 3-5, 7.)  RDC's threat was clearly a hold-up.  The Court had already found the clear teachings of the '872 Patent confirmed its abstract nature.  (Tr. 38:10-48:7.)

Then, within three business days, RDC reversed all of those positions.  At the status conference with the Court, RDC notified the Court that it had dropped its plans to amend its complaint, file its contentions, and continue its case.  It stated that it had asked the other defendants to agree to dismiss, and that it would move to dismiss its own complaint under Rule 41(a)(2) if they refused.  In other words, after weeks of stipulated delays, RDC left the other defendants in the position of having to spend additional time either negotiating with RDC regarding the terms of its dismissal, or litigating RDC's threatened motion to dismiss, even though at that point two different courts had determined that the claims of the '872 were not patent eligible.

## II.    COMPANYCAM IS THE PREVAILING PARTY

CompanyCam, "having obtained from plaintiff a voluntary dismissal with prejudice [is] considered [the] prevailing part[y]."  *Callaway Golf Co. v. Dunlop Slazenger*, 384 F. Supp. 2d 735, 748 (D. Del. 2005) (collecting cases); *see also Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1036 (Fed. Cir. 2006) (a voluntary dismissal with prejudice renders the opposing party a "prevailing party" within the meaning of Rule 54) (collecting cases).

A party may move for attorney's fees upon a plaintiff's voluntary dismissal with prejudice. *Keith Mfg. Co. v. Butterfield*, No. 2019-1136, 2020 U.S. App. LEXIS 10813, at *2 (Fed. Cir. Apr. 7, 2020).

An "exceptional" case is "simply one that stands out from others with respect to the

3

substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 572 U.S. 545, 554, 134 S. Ct. 1749, 1756 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id*.

It is judicial error not to consider "a pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims[.]" *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs*., 858 F.3d 1383, 1390 (Fed. Cir. 2017).

### III. AN AWARD OF FEES AGAINST RDC IS CALLED FOR ON THE FACTS OF THIS CASE AND ROTHSCHILD'S CONDUCT OUTSIDE THIS CASE

#### A. No Reasonable Litigant Would Believe The '872 Patent is Drawn to Patent-Eligible Subject Matter

The claims of the '872 Patent are clearly not eligible for patent protection. The claims issued in 2008, before the Supreme Court's *Alice* line of cases. *See Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 134 S. Ct. 2347 (2014). A litigant like Rothschild had an obligation to "reevaluat[e] its case after *Alice*". *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc*., 876 F.3d 1372, 1377 (Fed. Cir. 2017); *see also Inventor Holdings*, at 1377-78 ("We conclude that the district court acted within the scope of its discretion in finding this case to be exceptional based on the weakness of IH's § 101 arguments and the need to deter similarly weak arguments in the future.")

As in *Inventor Holdings*, the specification admits that all of the claimed modules are "conventional". (Lamkin Decl., Exh B.) As in *Inventor Holdings*, RDC had an obligation to assess the claims of the '872 Patent in light of *Alice* and should face an award of attorney's fees for asserting clearly ineligible claims. *Inventor Holdings,* 876 F.3d 1372, 1375; *see also*

4

*Berkheimer v. HP Inc*., 890 F.3d 1369, 1371 (Fed. Cir. 2018) (Moore, J.) (denial of rehearing *en banc*) ("In a situation where the specification admits the additional claim elements are well-understood, routine, and conventional, it will be difficult, if not impossible, for a patentee to show a genuine dispute.")

Further, in its opposition to CompanyCam's motion to dismiss, RDC took untenable positions, positions starkly in conflict with the express teachings of the '872 Patent itself. *To wit*:

> In total, Defendant's analysis ignores the most important instrument in assessing the claims – the specification. The specification here teaches that at the time of the invention no system or hardware existed "to enable a user to capture and store images in a secure format containing information on the time and day, specific location and user identification of the images that were captured. This is a critical need, since this information can serve to verify the activities of the user, or to authenticate various data points." *See* '872 patent, 1:60-67. The '872 patent solves this technological problem by enabling a user to capture and store images in a secure format containing information on the time and day, specific location and user identification of the images that were captured. **This is accomplished, in part, by using an ordered arrangement of steps to accomplish the technological improvement**. *See* '872 patent, Figure 4.

(Opp., D.I. 12, at 11, emphasis added.)

But RDC's claim to a special ordered combination not only lacks support in the '872 Patent, the express teachings of the patent belie RDC's arguments to this Court:

> It is to be further understood that because some of the constituent device components and method steps depicted in the accompanying figures may be implemented in software, the actual connections between the device components (**or the process steps) may differ** depending upon the manner in which the present disclosure is programmed. Given the teachings of the present disclosure provided herein, one of ordinary skill in the related art will be able to contemplate these and similar implementations or configurations of the present disclosure.

('872, 4:3-12 (emphasis added).)

Further, the Figures of the '872 Patent clearly demonstrate that order doesn't matter as each recounts a different claimed order. *Compare* '872, Figs. 2 & 8.

Moreover, during the hearing on CompanyCam's Section 101 motion, the Court repeatedly asked RDC to identify the specific solution, *i.e.*, the specific invention claimed in the

5

'872 Patent. RDC simply could not name a specific invention reflected in the claims of the '872 Patent. (Tr. 13:16-17:21; 22:19-34:14.)

RDC's baseless arguments in support of its § 101 position support the need to impose sanctions here. *See Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1375 n.4 (Fed. Cir. 2012); *Edekka LLC v. 3balls.com, Inc.*, No. 2:15-CV-541 JRG, 2015 U.S. Dist. LEXIS 168610, at *16 (E.D. Tex. Dec. 17, 2015).

  B. **RDC's Settlement Agreements Demonstrate the Value to Which RDC Holds the '872 Patent**

Whether RDC settled its cases for "nuisance value" settlements are relevant to the Section 285 inquiry. Indeed, it can be an abuse of discretion to fail to consider the value of said settlements. *See Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs.*, 858 F.3d 1383, 1390 (Fed. Cir. 2017); *see also Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1327-28 (Fed. Cir. 2011). CompanyCam served a Rule 54 subpoenas upon TerraGo and Field Agent, and those settlements will be filed under seal. (Lamkin Decl., Exhs. C&D.) These settlement agreements demonstrate that RDC's suits are indeed nuisance level suits. (Lamkin Decl., ¶¶9-10.)

  C. **Deterrence Favors an Award of Fees Here**

In addition to the factors above, CompanyCam respectfully believes the need for deterrence warrants an award of fees against Rothschild. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 n.6, 134 S. Ct. 1749, 1756 (2014) (courts may consider the need for deterrence, *inter alia*).

Rothschild has repeatedly filed complaints based on patents that any reasonable litigant would understand fail to maintain its patent-eligible status post-*Alice*. For example, in *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs.*, 858 F.3d 1383 (Fed.

6

Cir. 2017) the CAFC found it an abuse of discretion to fail to award fees against Rothschild due to: (1) the weakness of Rothschild's invalidity position; coupled with (2) Rothschild's bringing suit against dozens of defendants for nuisance value settlements. *Id.*, at 1389-90. Here, the same facts are present, and an award of fees is appropriate. Indeed, an award of fees is even more appropriate here because Rothschild continues to engage in the very same conduct for which he has been sanctioned previously.

### D. No Reasonable Litigant Would Assert the '872 Patent Against CompanyCam's Smartphone Application

Although not needed for an award of attorney's fees on the facts of the case at-bar, the fact that no reasonable litigant would think that CompanyCam's smartphone application infringes the '872 Patent further evidences the need for fees.

The '872 patent describes digital imaging devices and methods for embedding and retrieving of information in digital images. (Abstract.) Claim 1 of the '872 patent is directed to "[a] locational image verification device for verifying an assignment of a user" that comprises, *inter alia*, "a user verification module [that] . . . upon verification, . . . provides an assignment to the user". ('872, 16:58-61.) That is, Claim 1 of the '872 Patent requires that any infringing device have a user verification module that provides an assignment to the user. (*Id.*) As the PTAB found, "Claim 1 does not require merely that an assignment be 'provided,' but specifically requires the assignment to be provided 'to the user' by a user verification module[.]" (Lamkin Decl., ¶11, Exh E, '872 IPR Decision, at 17.)

No reasonable litigant would believe that CompanyCam's application infringes Claim 1 because said application contains no process whereby a user verification module provides an assignment to the user. CompanyCam's application allows users to embed information in digital images; it simply does not have the requisite claimed functionality (user verification module that

7

provides an assignment to the user). (*See* D.I. 8, Ex. 2, at 6-7 (Plaintiff's amended complaint showing alleged screenshot of CompanyCam's application displaying a list of nearby locations, but not providing any "assignment" to users).)

RDC either failed to conduct an adequate pre-suit infringement analysis, or RDC's suit is premised on an unreasonable and unsupportable claim construction. Either conduct is sanctionable.

## IV.  RULE 54 REQUEST FOR BIFURCATED BRIEFING

Pursuant to Fed. R. Civ. P. 54(d)(2)(C), CompanyCam respectfully requests that the Court decide only liability for attorney fees at this time. Pursuant to Fed. R. Civ. P. 54(d)(2)(B)(iii), CompanyCam estimates its fee amount to be approximately $55,540. (Lamkin Decl., ¶8; Russell Decl., ¶2, Exh. A.) CompanyCam requests that briefing regarding the precise amount and reasonableness of its attorney fees be set for a later date. *See* Fed. R. Civ. P. 54(d)(2)(C) ("The court may decide issues of liability for fees before receiving submissions on the value of services."); s*ee also Finnavations, LLC v. Payoneer, Inc.*, C.A. No. 18-444-RGA, 2019 U.S. Dist. LEXIS 45306, at *5 n.1 (D. Del. Mar. 18, 2019) (granting fee motion, and directing the parties to "meet and confer regarding a schedule to resolve the amount"). Bifurcation under Rule 54(d)(2)(C) will enable the Parties to tailor their evidentiary presentation to the Court's liability decision, thus streamlining the process and avoiding unnecessary expenditures of resources and paperwork. Accordingly, this brief does not address the amount or reasonableness of CompanyCam's attorney fees. CompanyCam stands ready to provide further briefing and evidence on such issues once instruction is received from the Court.

## V. CONCLUSION

Rothschild has asserted patent-ineligible claims against a non-infringing product, under a pattern of litigation evidencing nuisance level settlements. Fees are appropriate here and CompanyCam respectfully asks this Honorable Court to award same.

|  |  |
|---|---|
| | */s/ Andrew E. Russell* |
| | John W. Shaw (No. 3362) |
| | Karen E. Keller (No. 4489) |
| | Andrew E. Russell (No. 5382) |
| | Nathan R. Hoeschen (No. 6232) |
| | SHAW KELLER LLP |
| | I.M. Pei Building |
| | 1105 North Market Street, 12th Floor |
| | Wilmington, DE 19801 |
| OF COUNSEL: | (302) 298-0700 |
| Rachael D. Lamkin | jshaw@shawkeller.com |
| LAMKIN IP DEFENSE | kkeller@shawkeller.com |
| 100 Pine Street, Suite 1250 | arussell@shawkeller.com |
| San Francisco, CA 94111 | nhoeschen@shawkeller.com |
| (916) 747-6091 | *Attorneys for Defendant* |

Dated: April 16, 2020