IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROTHSCHILD DIGITAL CONFIRMATION, LLC, | ) ) ) | **Redacted- Public Version** |
| Plaintiff, | ) ) | |
| v. | ) ) ) | C.A. No. 19-1109-MN |
| COMPANYCAM, INC., | ) ) | ▮▮▮▮▮▮▮▮▮▮ |
| Defendant. | ) ) | |

## DECLARATION OF RACHAEL D. LAMKIN IN SUPPORT OF COMPANYCAM'S SECTION 285 MOTION

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants*

OF COUNSEL:
Rachael D. Lamkin
LAMKIN IP DEFENSE
100 Pine Street, Suite 1250
San Francisco, CA 94111
(916) 747-6091

Dated: April 16, 2020

I, Rachael D. Lamkin, declare as follows:

1.      I am lead counsel of record for Defendant CompanyCam.  I am an attorney licensed to practice law in all state and federal courts in California, the Eastern District of Texas, Colorado federal court, the Court of International Trade, the International Trade Commission, and the Federal Circuit Court of Appeals.  I was admitted *Pro Hac Vice* in this matter on August 29, 2019.

2.      I am over the age of 18, and I have personal knowledge of the facts set forth herein and could competently testify about these matters if called upon to do so.

3.      The patent litigation analytics company, RPX, reports that Rothschild has filed 820 patent litigations in the United States.  See https://insight.rpxcorp.com/ent/352299-leigh-m-rothschild.  747 of those cases are no longer active, 73 of them are active.

4.      RPX also reports that Leigh Rothschild is consistently among the most prolific patent assertion entities year after year.

      a.    *See* https://www.rpxcorp.com/wp-content/uploads/sites/2/2017/05/the-most-active-patent-trolls-of-2016.pdf

      b.    https://www.csmonitor.com/Technology/2016/0106/Despite-crackdown-from-courts-patent-suits-still-battered-tech-companies-in-2015

5.      The courts as well as the patent and intellectual property press consistently identify Rothschild as someone that files meritless claims.  *See, e.g.:*

      a.    *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs*., 858 F.3d 1383, 1390 (Fed. Cir. 2017).

      b.    https://www.eff.org/deeplinks/2017/06/federal-circuit-hits-stupid-patent-owner-fee-award

    c.   https://arstechnica.com/tech-policy/2017/04/garmin-sued-in-east-texas-over-patents-on-an-internet-drink-mixer-seeks-legal-fees/

6.    I ran a search for all patentee favorable outcomes for Rothschild's suits on Docket Navigator.   Attached as Exhibit A is a true and correct copy of the results of that search.  Of the hundreds of outcomes listed in the results, only 3 are listed as patentee favorable.   I drilled own on those 3, and each of them did not actually favor the patentee.

    a.   *Gameloft* was dismissed for failure to prosecute;

    b.   *Coresystems* was dismissed without prejudice before claim construction;

    c.   The *Mitek* case is the same patent as the case at bar.  It ended in IPR with the asserted '872 claims being invalidated except for a couple of claims ultimately found to be patent ineligible here.

7.    Using again the Docket Navigator database, I entered the '872 Patent into that database.  The only claim constructions for the '872 Patent were for the aforementioned IPR; the claims of the '872 have never made it even as far as claim construction in district court.

8.    Based on my firm's invoices, I estimate my firm will bill approximately 72 hours at $500/hr.

9.    Attached as Exhibit B is a chart I created mapping the "conventional" admissions in the '872 Patent to the asserted claim language.

10.    Attached as Exhibits C and D are true and correct copies of RDC's settlement agreements with TerraGo and Field Agent, received by CompanyCam upon service of a Rule 45 subpoena.

11.    ███████████████████████████████
████████████████████████

12.     Attached as Exhibit E is a true and correct copy of the IPR decision for the '872

Patent.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.


Dated: April 16, 2020

/s/ Rachael D. Lamkin
Rachael D. Lamkin

## CERTIFICATE OF SERVICE

I, Andrew E. Russell, hereby certify that on April 16, 2020, this document was served on

the persons listed below in the manner indicated:

**BY EMAIL**

Stamatios Stamoulis
Richard C. Weinblatt
STAMOULIS & WEINBLATT, LLP
800 N. West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

David A. Chavous
Anissa N. Davidson
CHAVOUS INTELLECTUAL PROPERT
LAW, LLC
793 Turnpike Street, Unit 1
North Andover, MA 01845
(978) 655-4309
dchavous@chavousiplaw.com
adavidson@chavousiplaw.com

*/s/ Andrew E. Russell*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants*

# Exhibit A



© 2020 Hopkins Bruce Publishers, Corp.

Multiple Parties

*Exported results are limited to 300. To view more data, open this search tab in a browser.*

| Patentee | Patent ▲ | Patent Challenger | Outcome |
|---|---|---|---|
| Rothschild Digital Media Innovations, LLC | 6101534 | G5 Entertainment AB | Settled/Voluntarily Dismissed |
| Rothschild Digital Media Innovations, LLC | 6101534 | Gameloft, SA | Patent Challenger Won (Related Case) |
| Rothschild Digital Media Innovations, LLC | 6101534 | Gameloft, SA | Patentee Won |
| Rothschild Digital Media Innovations, LLC | 6101534 | Sony Computer Entertainment America LLC | Patent Challenger Won |
| Rothschild Digital Media Innovations, LLC | 6101534 | Sony Computer Entertainment America LLC | Transferred |
| Rothschild Digital Media Innovations, LLC | 6101534 | Sony Computer Entertainment America LLC | Settled/Voluntarily Dismissed |
| Rothschild Digital Media Innovations, LLC | 6101534 | Supercell Oy | Patent Challenger Won (Related Case) |
| Rothschild Trust Holdings, LLC | 6101534 | Citrix Online, LLC | Settled/Voluntarily Dismissed |
| Rothschild Trust Holdings, LLC | 6101534 | Citrix Systems, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Trust Holdings, LLC | 6101534 | ORB Networks, INC. | |
| Rothschild Trust Holdings, LLC | 6101534 | ORB Networks, INC. | |
| Rothschild Mobile Imaging Innovations, LLC | 7450163 | Bank of America Corporation | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7450163 | Bank of America, NA | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7450163 | Citibank, NA | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7450163 | Citigroup, Inc. | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7450163 | Fiserv, Inc. | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7450163 | JPMorgan Chase Bank, NA | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7450163 | JPMorgan Chase & Co. | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7450163 | Mitek Systems, Inc. | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7450163 | Mitek Systems, Inc. | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7450163 | Mitek Systems, Inc. | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7450163 | Mitek Systems, Inc. | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7450163 | Mitek Systems, Inc. | Patent Challenger Won |
| Rothschild Mobile Imaging Innovations, LLC | 7450163 | NCR Corporation | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7450163 | NCR Corporation | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7450163 | Wells Fargo Bank, NA | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7450163 | Wells Fargo & Company | Patent Challenger Won (Related Case) |

| | | | |
|---|---|---|---|
| Rothschild Digital Confirmation, LLC | 7456872 | Abaqus Inc. | Settled/Voluntarily Dismissed |
| Rothschild Digital Confirmation, LLC | 7456872 | Acumatica, Inc. | |
| Rothschild Digital Confirmation, LLC | 7456872 | Appsheet, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Digital Confirmation, LLC | 7456872 | BlueFolder Software, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Digital Confirmation, LLC | 7456872 | Canvas Solutions, Inc. d/b/a GoCanvas | Transferred |
| Rothschild Digital Confirmation, LLC | 7456872 | Canvas Solutions, Inc. d/b/a GoCanvas | Settled/Voluntarily Dismissed |
| Rothschild Digital Confirmation, LLC | 7456872 | Cellco Partnership d/b/a Verizon Wireless | Settled/Voluntarily Dismissed |
| Rothschild Digital Confirmation, LLC | 7456872 | ClickSoftware Inc. | Settled/Voluntarily Dismissed |
| Rothschild Digital Confirmation, LLC | 7456872 | CompanyCam, Inc. | |
| Rothschild Digital Confirmation, LLC | 7456872 | Coresystems AG | Patentee Won (Related Case) |
| Rothschild Digital Confirmation, LLC | 7456872 | dESCO LLC | Settled/Voluntarily Dismissed |
| Rothschild Digital Confirmation, LLC | 7456872 | Epay Systems, Inc. | |
| Rothschild Digital Confirmation, LLC | 7456872 | Field Agent, Inc. | Patent Challenger Won (Related Case) |
| Rothschild Digital Confirmation, LLC | 7456872 | FieldAware US, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Digital Confirmation, LLC | 7456872 | FieldOne Systems LLC | Settled/Voluntarily Dismissed |
| Rothschild Digital Confirmation, LLC | 7456872 | Fingent Corporation | Settled/Voluntarily Dismissed |
| Rothschild Digital Confirmation, LLC | 7456872 | FleetMatics USA Group Holdings, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Digital Confirmation, LLC | 7456872 | FleetMatics USA Holdings, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Digital Confirmation, LLC | 7456872 | Fleetmatics USA, LLC | Settled/Voluntarily Dismissed |
| Rothschild Digital Confirmation, LLC | 7456872 | Freshworks Inc. d/b/a Freshworks Enterprise, Inc. | |
| Rothschild Digital Confirmation, LLC | 7456872 | GoSpotCheck, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Digital Confirmation, LLC | 7456872 | IFS Americas, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Digital Confirmation, LLC | 7456872 | Innovapptive, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Digital Confirmation, LLC | 7456872 | Intuit Inc. | Settled/Voluntarily Dismissed |
| Rothschild Digital Confirmation, LLC | 7456872 | Kickserv, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Digital Confirmation, LLC | 7456872 | mHelpDesk, Inc. | Patent Challenger Won (Related Case) |
| Rothschild Digital Confirmation, LLC | 7456872 | Mize, Inc. | |
| Rothschild Digital Confirmation, LLC | 7456872 | Oracle America, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Digital Confirmation, LLC | 7456872 | Oracle America, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Digital Confirmation, LLC | 7456872 | Replicon Software, Inc. | |
| Rothschild Digital Confirmation, LLC | 7456872 | Repsly, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Digital Confirmation, LLC | 7456872 | Servicechannel.com, Inc. | |
| Rothschild Digital Confirmation, LLC | 7456872 | ServiceMax, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Digital Confirmation, LLC | 7456872 | ServicePower Inc. | Settled/Voluntarily Dismissed |
| Rothschild Digital Confirmation, LLC | 7456872 | simPRO Software Limited d/b/a simPRO United States | Settled/Voluntarily Dismissed |
| Rothschild Digital Confirmation, LLC | 7456872 | Skedulo Holdings Inc. | |
| Rothschild Digital Confirmation, LLC | 7456872 | Synchroteam | Settled/Voluntarily Dismissed |
| Rothschild Digital Confirmation, LLC | 7456872 | TeamConnect, LLC | |
| Rothschild Digital Confirmation, LLC | 7456872 | Telogis, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Digital Confirmation, LLC | 7456872 | TerraGo Technologies, Inc. | Patent Challenger Won (Related Case) |
| Rothschild Digital Confirmation, LLC | 7456872 | Tsheets.com, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Digital Confirmation, LLC | 7456872 | Wolf Mobile, Inc. d/b/a Ecomz Wireless | Patent Challenger Won (Related Case) |

| | | | |
|---|---|---|---|
| Rothschild Digital Confirmation, LLC | 7456872 | WorkWave LLC | Settled/Voluntarily Dismissed |
| Rothschild Mobile Imaging Innovations, LLC | 7456872 | Bank of America Corporation | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7456872 | Bank of America, NA | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7456872 | Citibank, NA | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7456872 | Citigroup, Inc. | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7456872 | Fiserv, Inc. | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7456872 | JPMorgan Chase Bank, NA | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7456872 | JPMorgan Chase & Co. | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7456872 | Mitek Systems, Inc. | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7456872 | Mitek Systems, Inc. | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7456872 | Mitek Systems, Inc. | Patent Challenger Won |
| Rothschild Mobile Imaging Innovations, LLC | 7456872 | Mitek Systems, Inc. | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7456872 | Mitek Systems, Inc. | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7456872 | NCR Corporation | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7456872 | NCR Corporation | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7456872 | Wells Fargo Bank, NA | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7456872 | Wells Fargo & Company | Patent Challenger Won (Related Case) |
| Rothschild Connected Devices Innovations, LLC | 7899713 | Exxon Mobil Corporation | Settled/Voluntarily Dismissed |
| Rothschild Connected Devices Innovations, LLC | 7899713 | Garmin International, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Connected Devices Innovations, LLC | 7899713 | GoPro, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Connected Devices Innovations, LLC | 7899713 | LG Electronics, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Connected Devices Innovations, LLC | 7899713 | LG Electronics USA, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Connected Devices Innovations, LLC | 7899713 | Motorola Mobility LLC | Settled/Voluntarily Dismissed |
| Rothschild Connected Devices Innovations, LLC | 7899713 | Whirlpool Corporation | Settled/Voluntarily Dismissed |
| Rothschild GPS Sharing Innovations, LLC | 7917285 | Nissan North America, Inc. | |
| Rothschild Location Technologies LLC | 7917285 | American Honda Motor Co., Inc. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 7917285 | CalAmp Corp. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 7917285 | Discrete Wireless, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 7917285 | Global Tracking Communications, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 7917285 | Glympse Inc. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 7917285 | Hyundai Motor America | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 7917285 | Lyft, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 7917285 | Motorola Solutions, Inc. f/k/a Motorola, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 7917285 | Nissan North America, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 7917285 | Teletrac Inc. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 7917285 | Uber Technologies, Inc. | Settled/Voluntarily Dismissed |

| | | | |
|---|---|---|---|
| Rothschild Location Technologies LLC | 7917285 | Volkswagen Group of America, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 7917285 | Volkswagen Group of America, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 7917285 | Volvo Cars of North America, LLC | Settled/Voluntarily Dismissed |
| Rothschild Mobile Imaging Innovations, LLC | 7991792 | Bank of America Corporation | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7991792 | Bank of America, NA | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7991792 | Citibank, NA | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7991792 | Citigroup, Inc. | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7991792 | Fiserv, Inc. | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7991792 | JPMorgan Chase Bank, NA | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7991792 | JPMorgan Chase & Co. | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7991792 | Mitek Systems, Inc. | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7991792 | Mitek Systems, Inc. | Patent Challenger Won |
| Rothschild Mobile Imaging Innovations, LLC | 7991792 | Mitek Systems, Inc. | Patentee Won |
| Rothschild Mobile Imaging Innovations, LLC | 7991792 | Mitek Systems, Inc. | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7991792 | Mitek Systems, Inc. | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7991792 | Mitek Systems, Inc. | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7991792 | NCR Corporation | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7991792 | NCR Corporation | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7991792 | Wells Fargo Bank, NA | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7991792 | Wells Fargo & Company | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7995118 | Bank of America Corporation | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7995118 | Bank of America, NA | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7995118 | Citibank, NA | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7995118 | Citigroup, Inc. | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7995118 | Fiserv, Inc. | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7995118 | JPMorgan Chase Bank, NA | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7995118 | JPMorgan Chase & Co. | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7995118 | Mitek Systems, Inc. | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7995118 | Mitek Systems, Inc. | Patent Challenger Won |
| Rothschild Mobile Imaging Innovations, LLC | 7995118 | Mitek Systems, Inc. | Patent Challenger Won (Related Case) |

| | | | |
|---|---|---|---|
| Rothschild Mobile Imaging Innovations, LLC | 7995118 | Mitek Systems, Inc. | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7995118 | Mitek Systems, Inc. | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7995118 | NCR Corporation | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7995118 | NCR Corporation | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7995118 | Wells Fargo Bank, NA | Patent Challenger Won (Related Case) |
| Rothschild Mobile Imaging Innovations, LLC | 7995118 | Wells Fargo & Company | Patent Challenger Won (Related Case) |
| Rothschild Trust Holdings, LLC | 7995118 | Mitek Systems, Inc. | Patent Challenger Won |
| Rothschild Patent Imaging LLC | 8204437 | 3D Robotics, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8204437 | ADT, LLC | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8204437 | ArcSoft, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8204437 | Autel Robotics USA LLC | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8204437 | D-Link Systems, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8204437 | Edimax Computer Company | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8204437 | FLIR Lorex, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8204437 | Honeywell International, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8204437 | Horizon Hobby, LLC | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8204437 | Logitech Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8204437 | Lorex By FLIR f/k/a Lorex Technology, Inc. | Substituted |
| Rothschild Patent Imaging LLC | 8204437 | LT Security Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8204437 | Netgear, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8204437 | On-Net Surveillance Systems, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8204437 | Parrot, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8204437 | Piximity, LLC | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8204437 | Slomin's, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8204437 | Swann Communications USA Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8204437 | Swann Communications USA Inc. | Transferred |
| Rothschild Patent Imaging LLC | 8204437 | The Firelands Group, LLC | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8204437 | Trendnet, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8204437 | Vivint, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8204437 | Vivotek USA, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8204437 | YI Technologies, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8204437 | Yuneec USA, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Connected Devices Innovations, LLC | 8417377 | The Coca-Cola Company | Patent Challenger Won |
| Rothschild Connected Devices Innovations, LLC | 8417377 | The Coca-Cola Company | Transferred |
| Rothschild Patent Imaging LLC | 8437797 | 3D Robotics, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | ADT, LLC | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | ArcSoft, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | AsusTek Computer Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | Autel Robotics USA LLC | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | Badoo Software Ltd. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | Badoo Trading Limited | Settled/Voluntarily Dismissed |

| Rothschild Patent Imaging LLC | 8437797 | D-Link Systems, Inc. | Settled/Voluntarily Dismissed |
|---|---|---|---|
| Rothschild Patent Imaging LLC | 8437797 | Edimax Computer Company | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | FLIR Lorex, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | Foursquare Labs, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | Grindr LLC | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | Hobbico, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | Honeywell International, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | Horizon Hobby, LLC | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | JK Imaging Ltd. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | Line Euro-Americas Corp. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | Logitech Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | Lorex By FLIR f/k/a Lorex Technology, Inc. | Substituted |
| Rothschild Patent Imaging LLC | 8437797 | LT Security Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | MeetMe, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | Netgear, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | Parrot, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | Photobucket.com, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | Pinterest, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | PLR Brand Services, LLC | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | PLR Ecommerce, LLC | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | PLR IP Holdings, LLC | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | Pushbullet, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | Rakuten USA, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | Ricoh Imaging Americas Corporation | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | Skout, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | Slomin's, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | Swann Communications USA Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | Swann Communications USA Inc. | Transferred |
| Rothschild Patent Imaging LLC | 8437797 | TangoMe, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | The Firelands Group, LLC | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | Trendnet, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | Tumblr, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | United Technologies Corporation | Substituted |
| Rothschild Patent Imaging LLC | 8437797 | United Technologies Fire & Security Americas Corporation | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | Vivint, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | Vivotek USA, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | YI Technologies, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8437797 | Yuneec USA, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Storage Retrieval Innovations, LLC | 8437797 | Apple Inc. | Transferred |
| Rothschild Storage Retrieval Innovations, LLC | 8437797 | Apple Inc. | Settled/Voluntarily Dismissed |
| Rothschild Storage Retrieval Innovations, LLC | 8437797 | Google LLC f/k/a Google Inc. | Settled/Voluntarily Dismissed |
| Rothschild Storage Retrieval Innovations, LLC | 8437797 | HTC America, Inc. | |
| Rothschild Storage Retrieval Innovations, LLC | 8437797 | HTC America, Inc. | Transferred |
| Rothschild Storage Retrieval Innovations, LLC | 8437797 | HTC Corporation | |
| Rothschild Storage Retrieval Innovations, LLC | 8437797 | HTC Corporation | Transferred |

| | | | |
|---|---|---|---|
| Rothschild Storage Retrieval Innovations, LLC | 8437797 | LG Electronics, Inc. | Transferred |
| Rothschild Storage Retrieval Innovations, LLC | 8437797 | LG Electronics, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Storage Retrieval Innovations, LLC | 8437797 | LG Electronics MobileComm USA, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Storage Retrieval Innovations, LLC | 8437797 | LG Electronics MobileComm USA, Inc. | Transferred |
| Rothschild Storage Retrieval Innovations, LLC | 8437797 | LG Electronics USA, Inc. | Transferred |
| Rothschild Storage Retrieval Innovations, LLC | 8437797 | LG Electronics USA, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Storage Retrieval Innovations, LLC | 8437797 | Microsoft Mobile Inc. f/k/a Nokia, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Storage Retrieval Innovations, LLC | 8437797 | Motorola Mobility LLC | Settled/Voluntarily Dismissed |
| Rothschild Storage Retrieval Innovations, LLC | 8437797 | Nokia Corp. | |
| Rothschild Storage Retrieval Innovations, LLC | 8437797 | Samsung Electronics America, Inc. | |
| Rothschild Storage Retrieval Innovations, LLC | 8437797 | Samsung Electronics America, Inc. | Transferred |
| Rothschild Storage Retrieval Innovations, LLC | 8437797 | Samsung Electronics Co., Ltd. | |
| Rothschild Storage Retrieval Innovations, LLC | 8437797 | Samsung Electronics Co., Ltd. | Transferred |
| Rothschild Storage Retrieval Innovations, LLC | 8437797 | Sony Mobile Communications (USA), Inc. n/k/a Sony Electronics Inc. | |
| Rothschild Storage Retrieval Innovations, LLC | 8437797 | Sony Mobile Communications (USA), Inc. n/k/a Sony Electronics Inc. | Transferred |
| Rothschild Patent Imaging LLC | 8594722 | ADT, LLC | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8594722 | ArcSoft, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8594722 | D-Link Systems, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8594722 | Edimax Computer Company | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8594722 | FLIR Lorex, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8594722 | Honeywell International, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8594722 | Logitech Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8594722 | Lorex By FLIR f/k/a Lorex Technology, Inc. | Substituted |
| Rothschild Patent Imaging LLC | 8594722 | LT Security Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8594722 | Netgear, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8594722 | Slomin's, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8594722 | Swann Communications USA Inc | Transferred |
| Rothschild Patent Imaging LLC | 8594722 | Swann Communications USA Inc | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8594722 | Trendnet, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8594722 | Vivint, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8594722 | Vivotek USA, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Patent Imaging LLC | 8594722 | YI Technologies, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | Actsoft, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | AGCO Corporation | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | Alohar Mobile Inc. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | AT&T Mobility LLC | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | Blue Tree Systems, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | CalAmp Corp. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | Cellco Partnership d/b/a Verizon Wireless | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | CNH Industrial America LLC | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | Deere & Company | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | Discrete Wireless, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | Fleetcor Technologies, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | Fleetmatics USA, LLC | Settled/Voluntarily Dismissed |

| | | | |
|---|---|---|---|
| Rothschild Location Technologies LLC | 8606503 | Geoforce, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | Geotab USA, Inc. | Patent Challenger Won |
| Rothschild Location Technologies LLC | 8606503 | Global Tracking Communications, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | Glympse Inc. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | GoFleet Corporation | Patent Challenger Won |
| Rothschild Location Technologies LLC | 8606503 | GPS Insight, LLC | |
| Rothschild Location Technologies LLC | 8606503 | Hyundai Motor America | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | Iler Group, Inc. | Patent Challenger Won |
| Rothschild Location Technologies LLC | 8606503 | Imarda USA, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | InTouch GPS, LLC | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | Jaguar Land Rover North America, LLC | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | Leica Geosystems Inc. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | Life360, Inc. | Patent Challenger Won |
| Rothschild Location Technologies LLC | 8606503 | Limo Anywhere, LLC | Patent Challenger Won |
| Rothschild Location Technologies LLC | 8606503 | Lyft, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | Marathon Data Operating Co., LLC | Patent Challenger Won |
| Rothschild Location Technologies LLC | 8606503 | Meitrack America Corporation | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | Mix Telematics North America, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | Navman Wireless North America, Ltd. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | Quartix, Inc. | Patent Challenger Won |
| Rothschild Location Technologies LLC | 8606503 | Raven Industries, Inc. d/b/a Raven Applied Technology | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | Redtail Telematics Corporation | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | Roadnet Technologies, Inc. | |
| Rothschild Location Technologies LLC | 8606503 | Skypatrol, LLC | Patent Challenger Won |
| Rothschild Location Technologies LLC | 8606503 | Smart Fleet LLC | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | Spireon, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | Sprint Spectrum LP | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | Telenav, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | Teletrac Inc. | |
| Rothschild Location Technologies LLC | 8606503 | Telogis, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | T-Mobile USA, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | Trimble Navigation Limited | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | Uber Technologies, Inc. | Settled/Voluntarily Dismissed |
| Rothschild Location Technologies LLC | 8606503 | United States Cellular Corporation | Settled/Voluntarily Dismissed |

# Exhibit B

| Lim# | Claim Language | Specification |
|---|---|---|
| Pre | 1. A locational image verification device for verifying an assignment of a user comprising: | |
| 1(a) | a user verification module for verifying an identity of a user of the device, wherein upon verification, the user verification module enables operation of the device and provides an assignment to the user; | "The device 100 will also include a user verification module . . . [such as a] finger print reader, . . . [for example] the BioTouch™ fingerprint reader commercially available from Identix Incorporated of Minnetonka, Minn." 5:38–42. |
| 1(b) | a capture module for capturing an image relating to the assignment and creating a digital image file, wherein the user verification module verifies the identity of the user of the device at a time of the image capture; | 

FIG. 3A

FIG. 1B |
| 1(c) | a locational information module for determining a location of the device when capturing the image; | "The locational information module 134 may include a receiver and antenna employing conventional locational information processing technology such as Global Positioning Satellite (GPS) Technology . . . or any other available locational technology . . . ." 5:54–63. |

| Lim# | Claim Language | Specification |
|---|---|---|
| 1(d) | a date and time module for determining a date and time of the image capture; | "The date and time module **136** will use standard computer chip processing technology widely in use, or alternatively, input from locational information module **134**, e.g., a GPS receiver, to supply the date and time of the image capture." 6:5-9 |
| 1(f) | a processing module for associating the assignment, the user identity, location information and the time and date to the digital image file; and | "Using standard computer programming and processing, this database would then locate the stored digital image and associated files/information and also process the users request(s) regarding the digital image." 7:46-49.<br><br>"The device will contain a computer processing module 120, e.g., a microprocessor." 3:51-52. |
| 1(g) | an encryption module for encrypting the digital image file and associated information upon image capture. | "The device **100** will also include an encryption module **140**. The encryption module **140** will use conventional code encryption algorithms currently in use or that will be in use in the future such as DES, Triple DES, Blowfish, RSA, MD5, etc." 6:3135. |

# Exhibit C

## REDACTED IN IT ENTIRETY

# Exhibit D

## REDACTED IN IT ENTIRETY

# Exhibit E

Trials@uspto.gov                                                     Paper No. 7
571-272-7822                                           Entered: August 6, 2015

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____

MITEK SYSTEMS, INC.,
Petitioner,

v.

ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC,
Patent Owner.
_____

Case IPR2015-00624
Patent 7,456,872 B2
_____

Before JAMESON LEE, DAVID C. McKONE, and
CHARLES J. BOUDREAU, *Administrative Patent Judges*.

BOUDREAU, *Administrative Patent Judge*.

DECISION
Institution of *Inter Partes* Review
*37 C.F.R. § 42.108*

IPR2015-00624
Patent 7,456,872 B2

# I.  INTRODUCTION

## A.  Background

Mitek Systems, Inc. ("Petitioner") filed a Petition (Paper 1, "Pet.") to institute *inter partes* review of claims 1–39 of U.S. Patent No. 7,456,872 B2 (Ex. 1001, "the '872 patent").  Rothschild Mobile Imaging Innovations, LLC ("Patent Owner") filed a Preliminary Response (Paper 6, "Prelim. Resp.").

Upon consideration of the Petition and Preliminary Response, we are persuaded, under 35 U.S.C. § 314(a), that Petitioner has demonstrated a reasonable likelihood that it would prevail in showing the unpatentability of claims 27, 28, 38, and 39 of the '872 patent, but not of claims 1–26 or 29–37.  Accordingly, we institute an *inter partes* review only of claims 27, 28, 38, and 39 of the '872 patent.

## B.  Related Matters

The '872 patent has been asserted in several lawsuits in the United States District Court for the District of Delaware.  Pet. 1–2; Paper 4, 2.

## C.  References Relied Upon

Petitioner relies on the following references (Pet. 3):

Ex. 1003   Davis et al.       US 2002/0001395 A1   Jan. 3, 2002
     (hereinafter "Davis")

Ex. 1004   Steinberg et al.  US 6,433,818 B1       Aug. 13, 2002
     (hereinafter "Steinberg")

Ex. 1005   Steinberg et al.  US 6,750,902 B1       June 15, 2004
     (hereinafter "Steinberg '902)

IPR2015-00624
Patent 7,456,872 B2

    Ex. 1006   Terp et al.     WO 01/31546 A2     May 3, 2001
          (hereinafter "Terp")

    Ex. 1007   Fukunaga et al. US 7,502,133 B2     Mar. 10, 2009
          (hereinafter "Fukunaga")

    Ex. 1008   Knowles     US 7,173,651 B1     Feb. 6, 2007
          (hereinafter "Knowles")

    Ex. 1009   Dodge et al.    US 7,266,544 B1     Sept. 4, 2007
          (hereinafter "Dodge")

Petitioner also relies on the Declaration of Dr. Irfan Essa (Ex. 1012, "Essa Decl.").

### D. The Asserted Grounds

Petitioner contends that the challenged claims are unpatentable based on the following asserted grounds (Pet. 3):

| Reference(s) | Basis | Claim(s) Challenged |
|---|---|---|
| Davis and Steinberg | § 103(a) | 1–6, 9–12, 16, 18, 21–24, 27, 28, 30, 31, 34–36, 38, 39 |
| Davis, Steinberg, and Steinberg '902 | § 103(a) | 7, 13, 25, 26, 29 |
| Davis, Steinberg, and Terp | § 103(a) | 14 |
| Davis, Steinberg, and Fukunaga | § 103(a) | 15, 19, 20, 32 |
| Davis, Steinberg, and Knowles | § 103(a) | 8, 17, 33 |
| Davis, Steinberg, and Dodge | § 103(a) | 37 |

IPR2015-00624
Patent 7,456,872 B2

## II.  ANALYSIS

### A.  The '872 Patent

The '872 patent describes digital imaging devices and methods for embedding and retrieving of information in digital images.  Ex. 1001, Abstract.

Figures 1A and 1B of the '872 patent are reproduced below:



FIG. 1A

FIG. 1B

Figures 1A and 1B are front and back views, respectively, of a device for capturing digital images and embedding information in the captured images. *Id.* at 2:48–51.

As shown in Figure 1A, the front side of device 100 includes lens 102 for capturing an image and microphone 106 for capturing audio information. *Id.* at 3:31–37.  As shown in Figure 1B, the rear side of device 100 includes display module 108 (e.g., a touch screen display) for displaying captured images, storage module 110 (e.g., a RAM or removable memory stick) for storing captured images, transmission module 112 (e.g., Bluetooth™, Wi-fi, or parallel or serial cables) for transmitting digital images to another device, and scanning module 114 for scanning and inputting information to be

4

IPR2015-00624
Patent 7,456,872 B2

associated with an image and for reading information from printed images.
*Id.* at 3:38–49, 4:29–34, 6:46–58.

In the specific embodiments to which the claims of the '872 patent are directed, the devices (termed "locational image verification devices," or "LIVDs") and methods verify or determine user identity; provide to, or receive for, the user an "assignment"; determine the location of the device at the time of image capture; determine the time and date of image capture; associate the assignment, user identity, location, and time and date information with the image; and encrypt the image and associated information. *See, e.g.,* claims 1, 27.

The '872 patent describes the functions of the device in terms of modules, depicted in Figure 2.

IPR2015-00624
Patent 7,456,872 B2

Figure 2 of the '872 patent is reproduced below:



FIG. 2

6

IPR2015-00624
Patent 7,456,872 B2

Figure 2 is a block diagram of the modules of a device for capturing digital images and embedding information in the captured images. *Id.* at 2:52–54.

Display module 108, storage module 110, and transmission module 112 correspond to those depicted in Figures 1A and 1B, above. Capture module 122 works in conjunction with lens 102 to create a digital image, which is stored in storage module 110. *Id.* at 4:13–29. User input module 124 receives text input, for example from a standard keyboard or a touch screen that overlays display module 108. *Id.* at 4:55–62. Auxiliary input module 126 collects data from other devices, such as user verification module 132, locational information module 134, date and time module 136, picture sequencing module 138, and various other input processors providing additional information. *Id.* at 6:13–24. Encryption module 140 encrypts the data information that comes into user input module 124, auxiliary input module 126, and optionally, the digital image file. *Id.* at 6:31–37.

The '872 patent further describes the functions of the LIVDs with reference to Figure 8.

7

IPR2015-00624
Patent 7,456,872 B2

Figure 8 of the '872 patent is reproduced below.



FIG. 8

Figure 8 is a flowchart illustrating a method for verifying activities or assignments of a user employing LIVD 100.  *Id.* at 3:6–7, 13:45–14:67.

As shown in Figure 8, the user initializes device 100 by registering his identity with user verification module 132 (step 702).  *Id.* at 13:49–52.  The user then uses transmission module 112 to receive information (e.g., over the Internet) from the user's office or supervisor as to specific geographic assignments that the user has been given (step 704).  *Id.* at 13:58–62. Alternatively, the user may use user input module 124 to input the various

8

IPR2015-00624
Patent 7,456,872 B2

locations of his/her assignment.  *Id.* at 13:66–14:1.  The information is maintained in device 100 in standard database form in storage module 110. *Id.* at 14:1–3.  The user may be routed to his assignments by means of location information module 134 (step 706), which receives information as to specific assignments from storage module 110.  *Id.* at 14:14–17.  When the user arrives at his specific assignment, he may use device 100 to verify and capture information (step 708).  *Id.* at 14:21–23.  "Optionally, the user will be asked to use the user verification module 132 to re-verify his or her identity at the time of image capture."  *Id.* at 14:30–32.  Digital images and audio streams captured by LIVD 100 are written to storage module 110 with additional information provided by auxiliary input module 126, which provides information from, *inter alia*, locational information module 134, date and time module 136, and user verification module 132, all of which information is stored as a file associated with the digital image file or written as an additional part of the digital image file (step 710).  *Id.* at 14:39–49.  In a preferred embodiment, all of the information captured by capture module 122, including the associated information from auxiliary input module 126, user input module 124, and user verification module 132, is immediately encrypted by encryption module 140 (step 712).  *Id.* at 14:50–55.  The user may then use transmission module 11 to transfer the information to his office, supervisor, or any other party (step 714).  *Id.* at 14:65–67.

IPR2015-00624
Patent 7,456,872 B2

Independent claim 1, reproduced below, is illustrative of the claimed
subject matter:

> 1. *A locational image verification device for verifying an*
> *assignment of a user comprising:*
>
>> *a user verification module for verifying an identity of a*
>> *user of the device, wherein upon verification, the user*
>> *verification module enables operation of the device*
>> *and provides an assignment to the user;*
>
>> a capture module for capturing an image relating to the
>> assignment and creating a digital image file, wherein
>> the user verification module verifies the identity of the
>> user of the device at a time of the image capture;
>
>> a locational information module for determining a
>> location of the device when capturing the image;
>
>> a date and time module for determining a date and time
>> of the image capture;
>
>> a processing module for associating the assignment, the
>> user identity, location information and the time and
>> date to the digital image file; and
>
>> an encryption module for encrypting the digital image
>> file and associated information upon image capture.

Ex. 1001, 16:56–17:7 (emphasis added).

### B. Claim Construction

The Board interprets claims of an unexpired patent using the broadest
reasonable construction in light of the specification of the patent in which
they appear. *See* 37 C.F.R. § 42.100(b); *In re Cuozzo Speed Techs., LLC*,
No. 2014-1301, 2015 WL 4097949, at *7–*8 (Fed. Cir. July 8, 2015). Only
those terms that are in controversy need to be construed, and then only to the

IPR2015-00624
Patent 7,456,872 B2

extent necessary to resolve the controversy.  *See Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc*., 200 F.3d 795, 803 (Fed. Cir. 1999).  Claim terms generally are given their ordinary and customary meaning, as would be understood by one of ordinary skill in the art in the context of the entire disclosure.  *See In re Translogic Tech., Inc.*, 504 F.3d 1249, 1257 (Fed. Cir. 2007).

Claims are not interpreted in a vacuum but are a part of and read in light of the specification.  *See Slimfold Mfg. Co. v. Kinkead Indus., Inc.*, 810 F.2d 1113, 1116 (Fed. Cir. 1987); *United States v. Adams*, 383 U.S. 39, 49 (1966).  Indeed, although it is improper to read a limitation from the specification into the claims, the claims still must be read in view of the specification of which they are a part.  *See Microsoft Corp. v. Multi-Tech Sys., Inc.*, 357 F.3d 1340, 1347 (Fed. Cir. 2004).

### 1.  *"user verification module"*

Petitioner asks us to construe the term "user verification module," as recited in claim 1 of the '872 patent (see Pet. 7–8).  Neither Petitioner nor Patent Owner proposes any specific construction, however, and we conclude that it is not necessary for our determination of whether to institute *inter partes* review to construe expressly the term "user verification module."

The Specification of the '872 patent provides examples of "user verification modules" (*see, e.g.,* Ex. 1001, 5:29–51), but does not define or explicitly limit the term.  Nonetheless, the plain language of claim 1 explicitly recites that the user verification module "provides an assignment to the user" upon verification of the identity of the user.  Ex. 1001, 16:58–

11

IPR2015-00624
Patent 7,456,872 B2

61.  The meaning of that language does not turn on the construction of the term "user verification module," and we, accordingly, do not construe the term.

### 2.  *"assignment"*

Claim 1 of the '872 patent is directed to "[a] locational image verification device for verifying an *assignment* of a user" that comprises, *inter alia*, "a user verification module [that] . . . upon verification, . . . provides an *assignment* to the user"; "a capture module for capturing an image relating to the *assignment* and creating a digital image file . . ."; and "a processing module for associating the *assignment* . . . to the digital image file . . . ." Ex. 1001, 16:56–17:7.  Similarly, claim 27 of the '872 patent is directed to "[a] method for verifying an *assignment* of a user, the method comprising the steps of: . . . upon verification, receiving *assignment* information for the user; capturing an image with an imaging device relating to the *assignment* and creating a digital image file; . . . [and] associating the *assignment* information . . . . to the digital image file . . . ." *Id.* at 18:25–40. The term "assignment" also appears in dependent claims 7 (reciting "a location of the assignment"), 29 ("a location of the assignment"), 30 ("prompting the user for information regarding at least one assignment"), and 37 ("verifying at least one task of the assignment information has been completed"). *Id.* at 17:22–24, 18:44:47, 18:48–50, 19:6–8.  Patent Owner seeks to distinguish an "assignment" from a "session," as the latter term is used in Davis (Ex. 1003).  Prelim. Resp. 1, 3–6, 8–14.  Petitioner does not propose a construction for "assignment."

12

IPR2015-00624
Patent 7,456,872 B2

Although no special definition is provided for "assignment" in the
'872 patent, the term is used in several instances in the Specification.  The
Specification states, for example:

> The user will use the transmission module 112 of the device
> 100 to receive information through the Global Computer
> Network from the user's office or supervisor as to the *specific
> geographic assignments* that the user has been given (step 704).
> In a preferred embodiment, this information will be transferred
> from the user's office or supervisor from a standard relational
> database that will contain *data on the specific locations that the
> user is expected to visit along with tasks associated with each
> location*.  Alternatively, the user may use the user input module
> 124 to input the various *locations of his/her assignment*.

Ex. 1001, 13:58–14:1.

> The Specification also states:

> The user may be routed to his *assignments* by means of the
> locational informational module 134 (step 706).  This module
> will receive the information as to specific assignments from the
> storage module 110, and then display directions on routing with
> the display module 108.  Thus, the user of the LIVD 100 will
> receive *geographic directions to his specific assignments*.
> When the user *arrives at his specific assignment*, he may
> use the device 100 to verify and capture information (step 708).

Ex. 1001, 14:14–23.

> Still further, the Specification states:

> Record 630 of table 628 will include all the information
> relevant for *verifying at least one assignment or at least one
> task of an assignment assigned to the user*.  For example, record
> 630 will include an identifier field 632 which will also be used
> as a key for linking the tables, a location of image capture field
> 634, a date of image capture field 636, a time of image capture
> field 638, a user verification field 640, a picture sequence field

IPR2015-00624
Patent 7,456,872 B2

> 642 and an *assignment completed field* 644.   Determining
> whether an assignment is completed can be accomplished either
> by the user indicating so via the input module or via the
> computer processing module by comparing user responses to
> prompted tasks.

Ex. 1001, 15:14–26.

Patent Owner asserts that the broadest reasonable interpretation of "assignment" is "a task."  Prelim. Resp. 10.  According to Patent Owner, "[t]he broadest reasonable interpretation of the term 'assignment' . . . is based on its plain and ordinary meaning which is 'a specified task or amount of work . . . or undertaken as if [given] by authority'" (*id.* 9–10 (quoting MERRIAM-WEBSTER ONLINE DICTIONARY, 2015, http://www.merriam-webster.com/dictionary/assignment (modifications by Patent Owner))), "[t]he specification does not explicitly limit the construction of 'assignment' in view of its plain and ordinary meaning" (*id.*), and "the prosecution history supports that 'task' is a proper construction of the claim term 'assignment'" (*id.*).  "Thus," according to Patent Owner, "based on the plain and ordinary meaning, the specification, and the prosecution history, the broadest reasonable interpretation of the claim term 'assignment' is a task."  *Id.* at 11.

Although Patent Owner's proposed construction takes into account one possible ordinary meaning of "assignment," it is deficient because it does not capture the "geographic location" aspect that is vital to the usage of "assignment" in the Specification.  In this regard, another definition of "assignment" in the same dictionary, namely, "a position, post, or office to which one is assigned" (*see* MERRIAM-WEBSTER ONLINE DICTIONARY, *supra*), is more naturally aligned with the references in the '872 patent to,

IPR2015-00624
Patent 7,456,872 B2

for example, "geographic assignments," "locations of . . . assignment," "geographic directions to . . . specific assignments," and "arriv[al] at [an] assignment" (*see, e.g.,* Ex. 1001, 13:61, 13:67–14:1, 14:19–20, 14:21).

Two of the usage examples provided by Patent Owner's dictionary are illustrative of the distinction. One example, "[t]he reporter's *assignment* is to interview the candidate," is consistent with an assignment simply being a task. That example, however, lacks any location aspect and is, accordingly, much broader than the usage of "assignment" in the Specification. In contrast, another example, "[t]he reporter is here *on assignment*," implies a geographic location and, therefore, more closely aligns with the Specification's usage of the term "assignment."

Patent Owner contends "the [S]pecification . . . does not limit the term 'assignment' to only geographic locations . . . [but] clarifies that the assignment includes a task." Prelim. Resp. 10. The Specification, however, makes clear that an assignment includes at least a geographic location to which a user is assigned to perform a task, such as to capture information. Accordingly, a construction without that geographic location aspect is unreasonably broad in light of the Specification.

For purposes of this Decision, therefore, in light of the ordinary meaning of "assignment," as evidenced by a dictionary definition, as well as the description in the Specification, we construe "assignment" to mean "a location to which a user is assigned to perform a task."

IPR2015-00624
Patent 7,456,872 B2

> C. *Proposed Ground 1:  Obviousness of Claims 1–6, 9–12, 16, 18,*
> *21–24, 27, 28, 30, 31, 34–36, 38, and 39 over Davis and Steinberg*

Petitioner contends claims 1–6, 9–12, 16, 18, 21–24, 27, 28, 30, 31, 34–36, 38, 39 would have been obvious over the combined teachings of Davis and Steinberg.  Pet. 10–40.

> 1. *Claims 1–6, 9–12, 16, 18, and 21–24*

Petitioner contends Davis discloses each element required by independent claim 1, except for explicit disclosure of "a user verification module for verifying an identity of a user of the device, wherein upon verification, the user verification module enables operation of the device and provides an assignment to the user" and that "the user verification module verifies the identity of the user of the device at a time of the image capture." Pet. 10–21.  Petitioner relies on Steinberg to account for those features. *Id.* at 11–17.

> According to Petitioner:
>
> > With respect to all of the claimed modules in the claims of the '872 patent, including the "user verification module," *Davis* discloses that the functions of its digital camera may be implemented using one or more components (which alone or collectively form a module depending on their disclosed contribution to the disclosed functions), such as application programs executed on a processing unit such as a microprocessor or DSP.  *See, e.g.*, Ex. 1003, ¶¶ [0035]–[0037], [0082]–[0083].  Thus, all of the functions of *Davis*'s camera are performed using respective modules.  For example, one function of *Davis*'s digital camera that would thus be implemented using an application program executed by a

16

IPR2015-00624
Patent 7,456,872 B2

> processing unit obtains the identity of a user of the camera. *See id.*, ¶¶ [0060]–[0061], [0108]; *see also* Ex. 1012, ¶¶ 18, 33.
>
>> . . . .
>>
>> *Davis* discloses a "locational image verification device for verifying an assignment of a user," such as a digital camera that may be used by a photographer whose supervisor provides operating parameters that define a session (e.g., an assignment). *See* Ex. 1003, ¶¶ [0032]–[0043], [0065]–[0066], Fig. 1. As one example, a session (e.g., an assignment) for capturing an image may be defined "for selected GPS locations within a defined range," and the user may be disallowed from capturing images when the camera travels outside a particular geographic location specified in the session parameters. *See id.*, ¶¶ [0068]–[0069]. Similarly, the session parameters can also selectively allow certain actions within a given area. *Id.*, ¶ [0069]. *See also* citations and analysis below for claim elements 1(b)–(g). Ex. 1012, ¶ 30.

*Id.* at 10–11.

Petitioner has not demonstrated a reasonable likelihood that it would prevail in showing that independent claim 1 or claims 2–6, 9–12, 16, 18, and 21–24 dependent therefrom would have been obvious over Davis and Steinberg. Claim 1 does not require merely that an assignment be "provided," but specifically requires the assignment to be provided "to the user" by a user verification module that verifies an identity of a user of the device, enables operation of the device, and provides an assignment to the user. Petitioner has provided no persuasive evidence that the combination of Davis and Steinberg discloses that an assignment is provided to the user by such a module. Indeed, although cited portions of Davis indicate, for example, that Davis's camera "receives operating parameters for [a] session," "makes all settings to comply with the instructions specified in the

17

IPR2015-00624
Patent 7,456,872 B2

operating parameters," and "operates under the control of parameters that govern th[e] session" (Ex. 1003, ¶¶ 66, 67), Davis is silent as to whether operating parameters or any other session information is ever provided "to the user," much less by a user verification module that verifies identity of the user. Moreover, Petitioner does not contend that Steinberg cures this deficiency.

For the foregoing reasons, Petitioner has not shown a reasonable likelihood that it would prevail in establishing that any of claims 1–6, 9–12, 16, 18, and 21–24 would have been obvious over Davis and Steinberg.

### 2. *Claims 27, 28, 38, and 39*

Claim 27 is an independent method claim in which most of the steps essentially track the functions of the modules recited in claim 1. Importantly, however, claim 27 neither ties those functions to specific modules nor recites that an assignment must be provided "to" a user, as in claim 1. In particular, claim 27 does not include the limitation recited in claim 1 of "a user verification module for verifying an identity of a user of the device [that both] enables operation of [a] device and provides an assignment to the user," which is lacking from the combined teachings of Davis and Steinberg. Instead, claim 27 recites the steps of "verifying a user of the device to enable use of the device" and "upon verification, receiving assignment information for the user," without requiring those steps to be performed by the same module or modules.

Petitioner contends that claim 27 would have been obvious for the same reasons given for claim 1. Pet. 32–35. Based on our consideration of

18

IPR2015-00624
Patent 7,456,872 B2

the evidence in the Petition, we are persuaded in light of the differences
between claims 1 and 27 that Petitioner has demonstrated a reasonable
likelihood that it would show that claim 27 would have been obvious over
Davis and Steinberg.

Patent Owner does not argue independent claim 27 separately, but
relies on an argument made with respect to claim 1 that "neither Davis nor
Steinberg discloses, *inter alia*, the claim term 'assignment' in claim 1 and
the Petitioner has not articulated any reasoning that a person of ordinary skill
in the art would not [sic] be able to infer the claim term 'assignment' based
on the teachings of the asserted prior art."  Prelim. Resp. 4.

Patent Owner's argument is not persuasive.  As cited by Petitioner,
Davis discloses a "session mode" in which a camera operates under the
control of parameters that may be established from an external device.
Ex. 1003, ¶ 66–69.  Davis discloses that the "session" may be in effect, for
example, for a specified period of time, for a selected number of images, or
for selected GPS locations within a defined range.  *Id.* at ¶ 68.  The camera
can be programmed to operate according to the parameters that govern the
session and may, for example, disallow the user from capturing images when
the camera travels outside a particular location specified in the session
parameters and monitored by a GPS unit within the device.  *Id.* at ¶ 69.

Citing one dictionary definition of "session," Patent Owner asserts
that "a 'session' is construed as a period of time to perform an activity" and
that "Davis discloses this plain and ordinary meaning of 'session' by stating
the 'the session may be in effect for a specified period of time.'"  Prelim.
Resp. 13 (citing MERRIAM-WEBSTER ONLINE DICTIONARY, 2015,

19

IPR2015-00624
Patent 7,456,872 B2

http://www.merriam-webster.com/dictionary/session; Ex. 1003, ¶ 67).  As
Patent Owner acknowledges, however, "Davis continues by stating that the
session may be 'for selected number of images and for selected GPS
locations within a defined range."  *Id.* (citing Ex. 1003, ¶ 67).  It is clear
from Davis's disclosure of the session being in effect "for selected GPS
locations within a defined range," for example, that Davis's usage of
"session" is not limited to "a period of time to perform an activity," as Patent
Owner suggests, but that the session operating parameters explicitly define
embodiments within the scope of the claim term "assignment" as construed
in Section II.B.2. above as "a location to which a user is assigned to perform
a task."

Petitioner's evidence (Pet. 10–21, 32–35) is persuasive that the
combination of Davis and Steinberg discloses all of the steps of claim 27.
With respect specifically to the step of "receiving assignment information
for the user," Davis discloses receipt of operating parameters for a session
by Davis's camera, setting, for example, the place for the session.  Ex. 1003,
¶ 67.  For the reasons set forth in the discussion of Patent Owner's
arguments above, such operating parameters are "assignment information"
within the broadest reasonable interpretation of that term.  Moreover,
because Davis discloses that the camera operating according to the session
parameters may, for example, disallow the user from capturing images when
the camera travels outside a particular location specified in the session
parameters (Ex. 1003, ¶ 69), Davis discloses that the assignment information
is received "for the user."  In light of such disclosures in Davis and our
consideration of the evidence cited in the Petition with respect to the

IPR2015-00624
Patent 7,456,872 B2

remaining elements of claim 27, we are persuaded sufficiently that Petitioner
has shown a reasonable likelihood that it would prevail in establishing the
unpatentability of claim 27 as obvious over Davis and Steinberg.

Each of dependent claims 28, 38, and 39 depends directly from claim
27. Each recites additional features that Petitioner contends are taught by
Davis and Steinberg. Pet. 35, 40. Patent Owner does not argue claims 28,
38, or 39 separately. Based on our consideration of the evidence in the
Petition, we are persuaded that Petitioner has demonstrated a reasonable
likelihood that it would show that claims 28, 38, and 39 would have been
obvious over Davis and Steinberg.

### 3. Claims 30, 31, and 34–36

Claims 30, 31, 34, 35, and 36 depend directly or indirectly from
claim 29. Petitioner contends that these claims would have been obvious
over Davis and Steinberg. As discussed in section II.D. below, Petitioner
does not allege that claim 29 is rendered obvious by Davis and Steinberg but
instead relies on the three-way combination of Davis, Steinberg, and
Steinberg '902 (*id.* at 46). For the reasons stated in section II.D. below,
Petitioner's argument that claim 29 would have been obvious over Davis,
Steinberg, and Steinberg '902 is unpersuasive. Therefore, Petitioner's
contentions that claims 30, 31, and 34–36 would have been obvious over
Davis and Steinberg alone (Pet. 35–40) are also unpersuasive.

Accordingly, Petitioner has not shown a reasonable likelihood that it
would prevail in establishing the unpatentability of claims 30, 31, and 34–36
as obvious over Davis and Steinberg.

IPR2015-00624
Patent 7,456,872 B2

>    D. *Proposed Ground 2: Obviousness of Claims 7, 13, 25, 26, and 29*
>       *over Davis, Steinberg, and Steinberg '902*

Claims 7, 13, 25, and 26 depend directly or indirectly from claim 1.
Each recites additional features that Petitioner contends are taught by
Steinberg '902. Pet. 41–46. Petitioner, however, does not allege that
Steinberg '902 discloses either "a user verification module [that] . . .
provides an assignment to [a] user" or "receiving geographic directions from
at least one location to a location of [an] assignment and displaying the
directions to [a] user," which features are lacking from Davis and Steinberg.
Therefore, Petitioner's reliance on Steinberg '902 does not cure the
deficiencies discussed above with regard to Davis and Steinberg as applied
to the elements of claim 1.

Claim 29 depends from claim 27 and recites, *inter alia*, the steps of
"receiving geographic directions from at least one location to a location of
the assignment and displaying the directions to the user." Petitioner
concedes "Davis and Steinberg do not explicitly disclose that 'the display
module displays geographic directions to the user from at least one location
to a location of the assignment'" (Pet. 41) and relies on the three-way
combination of Davis, Steinberg, and Steinberg '902 as rendering obvious
the subject matter of claim 29 (Id. at 46). According to Petitioner:

>    *Steinberg '902* discloses a digital camera that can receive data
>    from an external source. Ex. 1005, 12:12–15; Ex. 1012, ¶ 87.
>    For example, similarly to the "selected GPS locations" sent to
>    the camera of *Davis*, *Steinberg '902* discloses that
>    "[o]perational data can be sent to inform the user when and
>    where to take a picture." Ex. 1005, 12:18–19. Moreover, a

IPR2015-00624
Patent 7,456,872 B2

> "map showing where to take a picture can be sent" to the
> camera, "which can be displayed by the user on a camera visual
> display." *Id.*, 12:19–21.  The map in *Steinberg '902* would thus
> provide directions for [sic] at least one location (e.g., a location
> on the map other than a location at which a picture should be
> taken) to a location at which a picture should be taken.
> See Ex. 1012, ¶ 87.

Pet. 41–42.

Petitioner's arguments concerning claim 29 are not persuasive.
Although, as Petitioner explains (*id.* at 41), Steinberg '902 discloses display
of "a map showing where to take a picture" (*id.* at 12:19–21), the cited
portions of Steinberg '902 provide no support for Petitioner's conclusion
that "[t]he map in *Steinberg '902* would thus provide directions [from] at
least one location . . . to a location at which a picture should be taken"
(Pet. 41–42).  Simply put, the display of a map of a location is not the same
as a display of "geographic directions" to that location.

Paragraph 87 of Dr. Essa's declaration, which Petitioner cites in
support of its conclusion, simply provides a near-verbatim recitation of the
above-quoted portion of the Petition and cites the same portions of Steinberg
'902.

Accordingly, Petitioner has not shown a reasonable likelihood that it
would prevail in establishing the unpatentability of claims 7, 13, 25, 26, and
29 as obvious over Davis, Steinberg, and Steinberg '902.

IPR2015-00624
Patent 7,456,872 B2

E.  *Proposed Grounds 3–6: Obviousness of Claims 8, 14, 15, 17, 19, 20, 32, 33, and 37 over Davis and Steinberg in combination with Terp, Fukunaga, Knowles, or Dodge*

Claims 8, 14, 15, 17, 19, and 20 depend directly or indirectly from claim 1.  Claims 32, 33, and 37 depend directly or indirectly from claim 30. Each recites additional features that Petitioner contends are taught by Terp, Fukunaga, Knowles, or Dodge.  Pet. 46–60.  Petitioner, however, does not allege that Terp, Fukunaga, Knowles, or Dodge discloses either "a user verification module [that] . . . provides an assignment to [a] user" or "receiving geographic directions from at least one location to a location of [an] assignment and displaying the directions to [a] user," which features are lacking from Davis and Steinberg.  Therefore, Petitioner's reliance on Terp, Fukunaga, Knowles, and Dodge does not cure the deficiencies discussed above with regard to Davis and Steinberg as applied to the elements of claims 1 and 30.

Accordingly, Petitioner has not shown a reasonable likelihood that it would prevail in establishing the unpatentability of claims 8, 14, 15, 17, 19, 20, 32, 33, and 37 as obvious over the combination of Davis and Steinberg with Terp, Fukunaga, Knowles, or Dodge.

# III.CONCLUSION

Petitioner has established a reasonable likelihood that it would prevail in showing the unpatentability of each of claims 27, 28, 38, and 39 of the '872 patent.  Petitioner, however, has not established a reasonable likelihood that it would prevail in showing the unpatentability of any of claims 1–26 or

24

IPR2015-00624
Patent 7,456,872 B2

29–37 of the '872 patent.  The Board has not yet made a final determination with respect to the patentability of any claim or the construction of any claim term.

## IV.    ORDER

For the reasons given, it is

ORDERED that, pursuant to 35 U.S.C. § 314, *inter partes* review is hereby instituted for claims 27, 28, 38, and 39 of the '872 patent under 35 U.S.C. § 103(a) as obvious over Davis and Steinberg;

FURTHER ORDERED that except as specifically enumerated above, no other ground of unpatentability, with respect to any claim, is instituted for trial; and

FURTHER ORDERED that pursuant to 35 U.S.C. § 314(c) and 37 C.F.R. § 42.4, notice is hereby given of the institution of a trial commencing on the entry date of this Decision.

IPR2015-00624
Patent 7,456,872 B2


For PETITIONER:

Naveen Modi
Joseph Palys
naveenmodi@paulhastings.com
josephpalys@paulhastings.com


For PATENT OWNER:

Kevin Guynn
Atanu Das
kguynn@gbclaw.net
adas@gbclaw.net