# IN THE UNITED STATES DISTRICT COURT
# OF DISTRICT OF DELAWARE

|  |  |
|---|---|
| ROTHSCHILD DIGITALCONFIRMATION LLC, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) CASE NO. 19-1109-MN |
| v. | )<br>) |
| COMPANYCAM, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

**PLAINTIFF ROTHSCHILD DIGITAL CONFIRMATION LLC'S ANSWERING BRIEF IN OPPOSITION TO COMPANYCAM INC.'S SECTION 285 MOTION FOR ATTORNEYS' FEES**

**TABLE OF CONTENTS**

                                                                    **Page**

I. STATEMENT OF NATURE AND STAGE OF PROCEEDINGS ..........................................1

II. SUMMARY OF ARGUMENT ...............................................................................................2

III. STATEMENT OF FACTS .......................................................................................................4

IV. ARGUMENT ...........................................................................................................................4

      A. Law of Exceptional Case Under 35 U.S.C. § 285 ..........................................4
      B. Rothschild Was Reasonable In Asserting The '872 Patent ............................5
      C. This Case Does Not Stand Apart ...................................................................8
      D. Rothschild's Settlements Do Not Prove Nuisance .........................................9
      E. Defendant Has Not Provided A Basis For Deterrence In This Case ...........10
      F. Rothschild Provided Sufficient Grounds To Assert Infringement ..............11

V. CONCLUSION ......................................................................................................................12

## TABLE OF AUTHORITIES

Page

*Alice Corp. Pt. Ltd. v. CLS Bank Int'l.*,
134 S. Ct. 2347 (2014)...................................................................................................................2

*Ancora Technologies, Inc. v. HTC America, Inc.*,
908 F.3d 1343 (Fed. Cir. 2018).....................................................................................................6

*Berkheimer v. HP Inc.*,
881 F.3d 1360 (Fed. Cir. 2018)..................................................................................................5, 8

*Bristol-Myers Squibb Co. v. Merck & Co., Inc.*,
C.A. 15-560-GMS  (D. Del. March 17, 2016)...............................................................................5

*Grayson v. Mayview State Hosp.*,
293 F. 3d 103 (3rd Cir. 2002).....................................................................................................10

*Enfish, LLC v. Microsoft Corp.*,
822 F.3d 1327 (2016).....................................................................................................................6

*In re TLI Commc'ns LLC Patent Litig.*,
823 F.3d 607, 611 (Fed. Cir. 2016)...............................................................................................1

*Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*,
876 F.3d 1372 (Fed. Cir. 2017)..................................................................................................... 7

*Jedi Tech., Inc. v. Spark Networks, Inc.*,
C.A. 1:16-1055-GMS (D. Del. August 3, 2017).............................................................2, 5, 6, 7, 9

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
134 S.Ct. 1749, 1756, 188 L.Ed.2d 816 (2014) ............................................................................5

*Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs.*,
858 F.3d 1383 (Fed. Cir. 2017)...................................................................................................11

*Secure Cam, LLC v. Tend Insights, Inc.*,

351 F. Supp. 3d 1249 (N.D. Cal. 2018) ........................................................................................1

*Tuxis Techs., LLC v. Amazon.com, Inc.*,

No. 13-1771-RGA, 2014 WL 4382446 (D. Del. Sept. 3, 2014) ......................................................5


35 U.S.C. § 285 .................................................................................................................................4

35 U.S.C. § 101 ...................................................................................................................1, 2, 3, 8

I.      **STATEMENT OF NATURE AND STAGE OF THE PROCEEDINGS**

On June 15, 2019, Rothschild Digital Confirmation, LLC ("Rothschild") filed this action asserting infringement of at least claims 1 and 27 of the United States Patent No. 7,456,872 ("the '872 patent"). Leigh Rothschild, the founder of Rothschild Digital Confirmation, LLC, is a prolific inventor. He is the listed inventor on hundreds of patents issued by the United States Patent and Trademark Office. He has worked with companies to develop technologies in the electronics and engineering fields. The '872 patent is one such patent covering digital technology.

When the '872 patent was asserted against CompanyCam, Inc. ("Defendant"), Rothschild inadvertently filed its complaint asserting claim 27, which had been cancelled before the United States Patent and Trademark Office. Upon recognizing its mistake, Rothschild informed Defendant's counsel of the mistake prior to Defendant's counsel entering the case. Defendant's counsel agreed to allow Plaintiff to file an unopposed motion to file an amended complaint to correct the error.

On July 16, 2019, Rothschild consented to a 30-day extension for Defendant to answer the Complaint. Rothschild consented to this extension because Defendant had just obtained counsel. Indeed, Defendant had not obtained local counsel and Rothschild's local counsel filed the stipulation.

On August 19, 2019, Defendant did not answer the Complaint but filed a motion to dismiss, asserting that the '872 patent was invalid under 35 U.S.C. § 101. In its brief, Defendant compared the claims to the claims in *Secure Cam, LLC v. Tend Insights, Inc.*, 351 F.Supp. 3d 1249 (N.D. Cal. 2018) and *In re TLI Communications LLC Patent Litigation*, 823 F.3d 607, 613 (Fed. Cir. 2016). *See* D.I. 11 at 5 and 11.

Rothschild filed its opposition on August 30, 2019. In its opposition, Rothschild

contended that "[w]hen looking to the specification, claim 1 covers securely encrypting information with an image in a computing environment that made such secure encryption more difficult. '872 patent, 1:47-50 ("with the advent of digital cameras and digital imaging, the process of organizing images and associating information with the images has become even more difficult"). To resolve the issue, the inventor created a device to "facilitate embedding information into digital images of any type (e.g., jpeg, bmp, tiff, etc.) to organize, control and manipulate these images both while in digital form, and later when in printed form." The '872 patent technology facilitates secure association of information with digital images in a technology that made such organization more difficult." D.I. 12 at 9.

On March 11, 2020, this Court held a telephonic hearing regarding motions to dismiss filed by some of the Defendants in the consolidated case. This Court indicated during that hearing its intention to file an order finding the claims invalid under Section 101. On March 19, 2020, Rothschild filed a notice of voluntary dismissal of the action against Defendant.

Two entities remained in the case because they had answered the complaint rather than file a motion to dismiss. Rothschild has agreed to dismiss the complaints against those entities to end these cases.

## II.   SUMMARY OF ARGUMENT

1.   Defendant moves this Court for attorneys' fees against Rothschild. *See* D.I. 31. Defendant asserts that "the claims of the '872 Patent are clearly not eligible for patent protection." *See id.* at 4. Defendant also asserts that "RDC's baseless arguments in support of its § 101 position support the need to impose sanctions." *Id.* at 6. Defendant's motion however ignores that the section 101 analysis is not straightforward, especially as it relates to software technology. *See Jedi Tech., Inc. v. Spark Networks, Inc.*, C.A. 1:16-1055-GMS (D. Del. August 3, 2017). Since *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 134 S. Ct. 2347 (2014),

the courts and Federal Circuit have struggled to provide any certainty or clarity on what is and is not patent eligible subject matter. *See* Chavous Declaration, Ex. 1, Amicus Curiae Brief of the Honorable Paul R. Michel ("Michel Brief"). Defendant's position that the claims of the '872 patent are "clearly not eligible" does not square with the state of Section 101 case law today.

2. Furthermore, Defendant's position that Rothschild's arguments were baseless is in itself meritless. Rothschild pointed to several places in the specification that it believed established that the invention was directed to secure association of information with digital images. Rothschild pointed out that the specification asserted that digital technologies made associating information more difficult and that this established the technology at issue was patent eligible. . In addition, Rothschild asserted that the claims represented an ordered combination based on the disclosure in the specification of a process that yielded the invention. Although this Court disagreed with Rothschild's position, it is not baseless when the position is based in the specification and what is a fair reading of the specification.

3. Defendant asserts that two settlements with Defendants in the consolidated case show "RDC's suits are indeed nuisance level suits." *See* D.I. 32 at 6. Nothing could be further from the truth. Rothschild was simply seeking to end the litigation after the Court's indication of its position. Rothschild could have sought reconsideration, to amend the complaint, or to appeal. Rather than continue the litigations, Rothschild sought to end the matter and remove the cases from the Court's docket. Such actions do not indicate what Rothschild believed to be the value of the '872 patent.

4. Defendant also contends that no reasonable litigant would believe that Defendant's application infringes claim 1 because the application contains no process whereby a user verification module provides an assignment to the user. D.I. 32 at 7. Defendant's attorney

argument is not sufficient to establish this position. Defendant did not answer the complaint and did not move to dismiss on this basis. This argument has no merit whatsoever.

For these reasons, Defendant's motion should be denied.

### III.    STATEMENT OF FACTS

On April 16, 2020, Defendant filed its motion for attorneys' fees based on the assertion of the '872 patent. The '872 patent, titled "Device and method for embedding and retrieving information in digital images," issued on November 25, 2008 from application number 11/051,069 (the "'069 application") filed on February 4, 2005. The '872 patent issued with 39 claims, two of which are independent. Claim 1 recites "a location image verification device for verifying an assignment" comprising a user verification module, a capture module, a locational information module, a date and time module, a processing module, and an encryption module. The specification specifically teaches that computing technology actually rendered securely organizing images and associating information with the images ***more difficult***. *See* '872 patent, 1:47-50 ("With the advent of digital cameras and digital imaging, the process of organizing images and associating information with the images has become even more difficult"); *see also* Complaint, ¶ 24, citing '872 patent, 2:10-13. In other words, the claimed invention resolves an issue with computing technology.

### IV.    ARGUMENT

####    A.    Law of Exceptional Case Under 35 U.S.C. § 285

The Supreme Court has explained that an exceptional case under 35 U.S.C. § 285 "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated…District courts may determine whether a case is exceptional in the case-by-case exercise of their discretion, considering the totality of the

circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1756, 188 L.Ed.2d 816 (2014) (footnote and quotations omitted). The Supreme Court also stated that "a district court may award fees in the rare case in which a party's unreasonable conduct — while not independently sanctionable — is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 1757. A district court may consider, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n.6 (internal quotation marks and citation omitted). The party seeking fees must prove that the case is exceptional by a preponderance of the evidence, and the district court makes the exceptional case determination on a case-by-case basis considering the totality of the circumstances. *Id.* at 1749. However, "the mere fact that one side's arguments prevailed over its opponent's does not make a § 285 award appropriate." *See Jedi Tech., Inc.*, C.A. 1:16-1055-GMS, at *3.

**B.** **Rothschild Was Reasonable In Asserting The '872 Patent**

All patents are entitled to a presumption of validity, and this is the reason that one must prove "any fact, such as this one, that is pertinent to the invalidity conclusion must be proven by clear and convincing evidence." *See Berkheimer v. HP Inc.,* 881 F.3d 1360, 1368 (Fed. Cir. 2018); *see also Bristol-Myers Squibb Co. v. Merck & Co., Inc.,* C.A. 15-560-GMS at *n. 1 (D. Del. March 17, 2016), citing *Tuxis Techs., LLC v. Amazon.com, Inc.*, No. 13-1771-RGA, 2014 WL 4382446, at *2 (D. Del. Sept. 3, 2014). Rothschild was thus entitled to believe that the '872 patent was valid and enforceable.

Defendant skirts this fundamental point of law and asserts that "the claims of the '872 Patent are clearly not eligible for patent protection." D.I. 32 at 4. First, it was not clear to at

least two of the Defendants who filed answers to the complaint and another Defendant who did not file a motion to dismiss or an answer. Second, Defendant's position is based on the fact that it prevailed in its arguments. However, Delaware courts have observed that merely prevailing is not sufficient to aware attorneys' fees. *See Jedi Tech., Inc.*, C.A. 1:16-1055-GMS, at *3. Defendant and Rothschild had different views of the teachings of the specification. The Court did not agree with Rothschild's view but it cannot be said that the claims of the '872 patent had no reasonable basis for patent eligibility. As Rothschild asserted in its opposition, claim 1 and its dependent claims recite a device for verifying an assignment of a user to ***securely associate information*** with "digital images." *See* D.I. 12 at 8. Rothschild also pointed out that the specification encrypting images and that digital technology made securing information with images more difficult, as well as that the combination of capturing, organizing, and securely associating information with digital images was the heart of the invention. *See id.* at 9-10, citing '872 patent, 1:47-50; 1:58-67. Rothschild's position was not made out of whole cloth but was grounded in its reading of the specification.

Furthermore, Rothschild cited case law to support its position that improvements in technology counseled against a finding of patent ineligibility. *See id.* at 14, citing, *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327 (2016). Under Rothschild's interpretation of the case law, the claims of the '872 patent were similar to those in *Ancora Technologies, Inc. v. HTC America, Inc.*, 908 F.3d 1343 (Fed. Cir. 2018). Rothschild reasonably believed that the claims of *Ancora* being directed to securing information using known technologies were similar to the claims of the '872 patent.

Nevertheless, this Court disagreed with Rothschild's position. This does not mean that Rothschild's position was baseless. Rothschild based its arguments in the specification of the

patent and on the law. This Court's contrary opinion does not in and of itself establish that Rothschild's position was not reasonable or that this case stands apart.

Defendant places great emphasis on *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372 (Fed. Cir. 2017). That case however has little to do with the complexity of the case at hand. The plaintiff in *Inventor Holdings* asserted a patent directed to a business method. *See id.* at 1378. The method claims related to submitting payments for the purchase of goods and the processing of payments for the sale of goods. *See id.* at 1374. The claims in *Inventor Holdings* were very similar to the method claims of exchanging financial obligations in the *Alice* case. *See Alice Corp. Pt. Ltd.,* 134 S. Ct. at 2352-2353.

In *Inventor Holdings*, the Federal Circuit found, "*Alice* was a significant change in the law as applied to the facts of this particular case" and "the '582 patent's claims are directed to an 'economic arrangement' implemented using 'generic computer technology.' These issues were significant, if not determinative, of the Court's holding in *Alice*." *See Inventor Holdings,* 876 F.3d at 1379, None of these issues have any relevance to this case. The Federal Circuit found that *Inventor Holdings* fell directly in *Alice*. This cannot be said here. *See Jedi Tech., Inc.*, C.A. 1:16-1055-GMS, at *3 ("the *Alice* analysis is not straightforward, particularly when it comes to software patents such as the patents at issue.").

Defendant further asserts that "the specification admits that all of the claimed modules are 'conventional.'" *See* D.I. 32 at 4, citing Exhibit C of Lamkin Declaration.[1] First, Defendant's Exhibit B does not admit that all of the claimed modules were "conventional." There is no such language and Defendant seeks to recast the language of the specification to fit its belief that there was an admission. Second, Rothschild asserted that the invention was not an

---

[1] Defendant cites Exhibit C to the Lamkin Declaration. Rothschild believes that Defendant meant Exhibit B.

abstract idea under Step 1 of *Alice*. Defendant does not address the dispute between the parties under Step 1 of *Alice,* which involved Rothschild's belief that the invention was directed to a technological improvement.[2]

Defendant further asserts that RDC took "untenable positions, positions starkly in conflict with the express teachings of the '872 patent itself. *See* D.I. 32 at 5. This analysis is flatly wrong. As an initial matter, Rothschild presented that the specification taught a single arrangement to yield the claimed invention. The teaching of different embodiments does not mean that there are not multiple ordered arrangements disclosed in the specification that would satisfy Step 2 of *Alice*. And Defendant has not cited case law indicating that a patent can only disclose a single ordered arrangement of steps.

Furthermore, Defendant misreads the specification when it teaches, "It is to be further understood that because some of the constituent device components and method steps depicted in the accompanying figures may be implemented in software, the actual connections between the device components (or the process steps) may differ depending upon the manner in which the present disclosure is programmed." This portion of the specification teaches that if a skilled artisan uses software components instead of device components, then the connections may differ. This does not render Rothschild's position "untenable."

    **C.**     **This Case Does Not Stand Apart**

This case does not, and cannot, stand apart. The case law under section 101 is in extreme flux and the decisions of the Federal Circuit have not helped provide guidance. This has been pointed out as recently as November 2019 by Retired Chief Judge Paul Michel. Honorable Paul

---

[2] Defendant cites to dicta in *Berkheimer v. HP Inc.*, 890 F.3d 1369, 1371 (Fed. Cir. 2018) (Moore, J.) (denial of rehearing *en banc*). Setting aside that this is not a holding, it is only relevant to whether claims fall under Step 2 of the *Alice* analysis and does not apply to the entire *Alice* test.

Michel served on the Federal Circuit for 22 years. *See* Michel Brief at 4. In his amicus curiae brief to the Supreme Court in support of Athena Diagnostics, Inc., Honorable Mr. Michel stated,

> "During my twenty-two years on the bench, I do not recall any other legal issue—in patent law or any other issue within the Federal Circuit's jurisdiction—that created such disharmony, disagreement, and inconsistency. The appeals court has reached a point in its decisionmaking where it produces opinions on patent eligibility that cannot satisfy the needs of inventors, investors, and innovative businesses. One cannot distinguish eligible subject matter from ineligible, with any reasonable certainty. This is unsustainable and contrary to the very reason Congress established the Federal Circuit in 1982." *Id.*

If the former Chief Judge of the Federal Circuit states that "one cannot distinguish eligible subject matter from ineligible," then it simply cannot be true that the claims of the '872 patent are "clearly not eligible" as alleged by Defendant.

Furthermore, Delaware courts have noted that the *Alice* analysis is difficult – at best. In *Jedi Tech.,* Judge Sleet denied a request for attorneys' fees based on the demand that the Plaintiff "failed to 'reassess its patent claims in light of recent decisions as to subject matter ineligibility." Judge Sleet observed, "the *Alice* analysis is not straightforward, particularly when it comes to software patents such as the patents at issue." *See Jedi Tech., Inc.*, C.A. 1:16-1055-GMS, at *3. In other words, Defendant's assertion that "Rothschild had an obligation to 'reevaluate its case after *Alice*" carries little weight when the case law is so difficult to navigate. *See* D.I. 32 at 4.

      D.    **Rothschild's Settlements Do Not Prove Nuisance**

Defendant asserts that the settlements with Field Agent and TerraGo establish that Rothschild seeks nuisance settlements. *See* D.I. 32 at 6. These settlements occurred ***after*** this Court indicated that it would hold the claims invalid. Rothschild saw no reason to continue the case against these entities and sought to limit the time and expense of the litigation. Indeed, Rothschild could have sought to continue the litigation through seeking reconsideration, appeal, and even a motion to amend the complaint. *See Grayson v. Mayview State Hosp.*, 293 F. 3d 103 (3rd Cir. 2002) ("when a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile."). Rothschild sought the most efficient manner to end the litigations. Field Agent and TerraGo had filed answers and Rothschild desired to settle with a stipulation to dismiss.

Defendant appears to punish Rothschild for seeking to reduce the motion practice and judicial resources. The settlements are not a "valuation" of the patent because the Court hearing changed Rothschild's position. Quite simply, Rothschild did exactly what a reasonable litigant would have done and what a court would encourage the litigant to do.

### E. Defendant Has Not Provided A Basis For Deterrence In This Case

Rothschild's conduct in this case does not merit a need for deterrence. Rothschild filed complaints for infringement on a patent that was valid and enforceable.[3] As explained *supra*, the law of patent eligibility is in extreme flux and even one of the most knowledgeable patent law judges believes it is extremely difficult to determine what is and is not eligible. There is simply no reason, based on this record, to find that the conduct of Rothschild rises to the level of requiring deterrence.

---

[3] Although Rothschild mistakenly filed for infringement of claim 27, it recognized the issue and sought to amend the complaint.

Nevertheless, Defendant seeks to connect Rothschild's conduct in this case to another entity – Rothschild Connected Devices Innovations, LLC. *See* D.I. 32 at 6-7. This is improper on two counts. First, Rothschild is a different entity from Rothschild Connected Devices Innovations, LLC and there is no assertion that the conduct of Rothschild here, or anywhere, is inappropriate. Second, the case cited by Defendant has no applicability to the facts here. *See id.* citing *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs.*, 858 F.3d 1383 (Fed. Cir. 2017). In *Rothschild Connected*, the Federal Circuit held that attorneys' fees were warranted but specifically refused to address the district court's denial of attorneys' fees due to patent ineligibility. *See Rothschild Connected,* 858 F.3d at 1387-1388.

Defendant further improperly implies that the Federal Circuit reversed the district court in *Rothschild Connected* on the ground of patent eligibility. As seen above, this is not accurate. The Federal Circuit specifically refused to address this matter.[4] Furthermore, the Federal Circuit held that an exceptional case could be found where there was an absence of evidence demonstrating the party engaged in reasonable conduct. *See id.* at 1389-1390. Here, there is no evidence that Rothschild conducted a vexatious litigation or was unreasonable. Accordingly, *Rothschild Connect* is of no support to Defendant's position that attorneys' fees should be found in the case at issue.

### F.     Rothschild Provided Sufficient Grounds To Assert Infringement

Defendant now asserts that no reasonable litigant would "think that CompanyCam's smartphone application infringes the '872 Patent." *See* D.I. 32 at 7. This allegation lacks merit. Defendant never raised this issue in its motion to dismiss and never addressed this issue with Rothschild. Defendant could have raised this issue in its motion to dismiss and presented its

---

[4] Although the dissent would have reversed the district court, the panel majority determined not to reverse on this ground.

position.

Additionally, Rothschild disagrees with the attorney argument of Defendant. Rothschild presented claim charts with its complaint and those charts are sufficient to establish infringement. Defendant is now performing a claim construction to determine the scope of the claims and this is not the proper motion for this type of analysis. As such, Defendant's arguments here should be disregarded.

## V. **CONCLUSION**

For all the reasons above, Defendant has failed to establish that attorneys' fees are warranted in this case. Thus, Defendant's Motion should be denied.

Dated: April 30, 2020

STAMOULIS & WEINBLATT, LLP

/s/ Stamatios Stamoulis
Stamatios Stamoulis #4606
800 N. West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com

CHAVOUS INTELLECTUAL PROPERTY LAW LLC
David A. Chavous (*pro hac vice*)
793 Turnpike Street, Unit 1
North Andover, MA 01845
(978) 655-4309
dchavous@chavousiplaw.com

*Attorneys for Plaintiff*
*Rothschild Digital Confirmation, LLC*

- 13 -

## CERTIFICATE OF SERVICE

      I hereby certify that on this thirtieth day of April this document was filed through the ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing. Paper copies will be served via first-class mail to any of those indicated as non-registered participants.

                                                  */s/* Stamatios Stamoulis_____