IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROTHSCHILD DIGITAL CONFIRMATION, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 19-1109-MN |
| COMPANYCAM, INC., | ) ) | |
| Defendant. | ) ) | |

**REPLY BRIEF IN SUPPORT OF COMPANYCAM, INC.'S
SECTION 285 MOTION FOR ATTORNEYS' FEES**

OF COUNSEL:
Rachael D. Lamkin
LAMKIN IP DEFENSE
100 Pine Street, Suite 1250
San Francisco, CA 94111
(916) 747-6091

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

Dated: May 7, 2020

## <u>TABLE OF CONTENTS</u>

I.    ROTHSCHILD CONTINUES TO PRESS FRIVOLOUS ARGUMENTS ..................1

    A.  RDC Continues to Press Untenable Arguments Regarding the Teachings
        of the '872 Patent .....................................................................................................1

    B.  RDC Denies Its Settlement Agreements Evidence Nuisance-Level Litigation .......5

II.    THE NEED FOR DETERRENCE WARRANTS FEES ..............................................5

III.    NO REASONABLE LITIGANT WOULD ASSERT THE '872 PATENT AGAINST
       COMPANYCAM'S APPLICATION ...........................................................................6

IV.    CONCLUSION ............................................................................................................8

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                                  **Page**

*I/P Engine, Inc. v. AOL Inc.*,
576 F. App'x 982 (Fed. Cir. 2014) ....................................................................................... 3

*In re Breslow*,
   616 F.2d 516 (C.C.P.A. 1980) ........................................................................................ 4

*In re Pardo*,
   684 F.2d 912 (C.C.P.A. 1982) ........................................................................................ 4

*Inventor Holdings, LLC v. Bed Bath & Beyond Inc.*, No. 14-448,
   2016 U.S. Dist. LEXIS 70345 (D. Del. May 31, 2016) .................................................. 4

*Kindred Studio Illustration & Design v. Elec. Commun. Tech.*, No. 2:18-CV-07661 (GJS),
   2019 U.S. Dist. LEXIS 127983 (C.D. Cal. May 23, 2019) ........................................... 8

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
   572 U.S. 545, 134 S. Ct. 1749 (2014)................................................................... 1, 8

*Pharmastem Therapeutics, Inc. v. Viacell, Inc.*,
   491 F.3d 1342 (Fed. Cir. 2007)....................................................................................... 3

*Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs.*,
   858 F.3d 1383 (Fed. Cir. 2017)....................................................................................... 6

*Taurus IP, LLC v. DaimlerChrysler Corp.*,
   726 F.3d 1306 (Fed. Cir. 2013)....................................................................................... 5

Defendant CompanyCam Inc. ("CompanyCam") respectfully files this Reply in support of its motion for fees ("Motion").

## I.     ROTHSCHILD CONTINUES TO PRESS FRIVOLOUS ARGUMENTS

In its opening brief in support of its Section 285 Motion for Fees, CompanyCam alleged:

- No reasonable litigant would believe the '872 Patent was drawn to patent eligible subject matter;

- Plaintiff's settlement agreements evidence nuisance value litigation;

- Deterrence favors an attorney's fees award; and

- No reasonable litigant would contend that the '872 Patent reads on CompanyCam's application.

Rothschild Digital Confirmation, LLC ("RDC") Opposition fails to honor the seriousness of CompanyCam's allegations and the Supreme Court's charge to district courts to assist in the deterrence of meritless cases. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc*., 572 U.S. 545, 557, 134 S. Ct. 1749, 1758 (2014).

### A.     RDC Continues to Press Untenable Arguments Regarding the Teachings of the '872 Patent

In an eleven (11) page Opposition, the only arguments RDC makes on the merits as to Section 101 are as follows:

> Rothschild filed its opposition [to CompanyCam's Section 101 motion] on August 30, 2019. In its opposition, Rothschild contended that "[w]hen looking to the specification, claim 1 covers securely encrypting information with an image in a computing environment that made such secure encryption more difficult. '872 patent, 1:47-50 ("with the advent of digital cameras and digital imaging, the process of organizing images and associating information with the images has become even more difficult"). To resolve the issue, the inventor created a device to "facilitate embedding information into digital images of any type (e.g., jpeg, bmp, tiff, etc.) to organize, control and manipulate these images both while in digital form, and later when in printed form." The '872 patent technology facilitates secure

association of information with digital images in a technology that made such organization more difficult." D.I. 12 at 9.

(D.I. 36 ("Opp."), at 1-2; *id*., at 4.)

2. Furthermore, Defendant's position that Rothschild's arguments were baseless is in itself meritless. Rothschild pointed to several places in the specification that it believed established that the invention was directed to secure association of information with digital images. Rothschild pointed out that the specification asserted that digital technologies made associating information more difficult and that this established the technology at issue was patent eligible. . [*sic*] In addition, Rothschild asserted that the claims represented an ordered combination based on the disclosure in the specification of a process that yielded the invention. Although this Court disagreed with Rothschild's position, it is not baseless when the position is based in the specification and what is a fair reading of the specification.

(Opp., at 3; *id*., at 6, 8.)

That is, RDC continues to make two arguments that are flatly contradicted by the

Asserted Patent.  First, RDC continues to argue "the invention was directed to secure association

of information with digital images."  But, when pressed by the Court, RDC admitted in the

Section 101 hearing that RDC did not invent encryption:

THE COURT: That's fine. I'm looking at column 6 where it talks about the encryption module, about halfway down. But maybe there is something else.

MR. CHAVOUS: I'm trying to get the exact column number, actually I was trying to get the lines. Well, Your Honor, it does state that the encryption algorithms that can be used are listed there, the DES, triple DES, blowfish, RSA and D5, et cetera, to encrypt the data. It's freely admitted, Your Honor, that we didn't necessarily invent encryption mod, a new encryption which would be the claim, directly the claims[.]

(March 11, 2020, Section 101 Hearing Tr. ("Tr."),17:7-17; *see also id*., 15:7-18:4.)

Indeed, RDC continues to press this argument even after this Court found that the

Asserted Claims "appl[y] conventional encryption to imaging."  (Tr., 40:25-41:1.)  It presses the

argument even after this Court rightly pointed out that the specification itself states plainly that

the encryption module "use[s] conventional code encryption algorithms currently in use or that

will be in use in the future."  (Tr., 43:14-20, citing '872, 6:32-34.)

2

In fact, RDC tells this Court:

Defendant further asserts that "the specification admits that all of the claimed modules are 'conventional.'" *See* D.I. 32 at 4, citing Exhibit [B] of Lamkin Declaration.  First, Defendant's Exhibit B does not admit that all of the claimed modules were "conventional."  There is no such language and Defendant seeks to recast the language of the specification to fit its belief that there was an admission.

(Opp., 7 (footnote omitted).)

This argument is unsupportable.  Exhibit B to the Lamkin Declaration attached to CompanyCam's Section 285 Motion maps the claim language to the statements in the specification admitting that each claimed module is conventional or off the shelf.  That Exhibit clearly quotes the specification's use of "conventional" for the claimed modules, and in particular cites the specification's description of the encryption module as "conventional".   (*See, e.g.*, Lamkin Decl., Exh. B, lim1(g), quoting '872, 6:31-35 ("The device 100 will also include an encryption module 140. The encryption module 140 will use conventional code encryption algorithms currently in use or that will be in use in the future such as DES, Triple DES, Blowfish, RSA, MD5, etc.").)  RDC brazenly tells the Court that Exhibit B, directly quoting the specification, does not use the word "conventional".   Clearly it does, as to limitations 1(c) and 1(g), and it uses similar language for other modules.  (*See, e.g. id.*; *see also* lim1(a) ("commercially available"); lim1(d)-(f) ("standard").)  And it is well established that statements in patent specifications are treated as admissions.  *See I/P Engine, Inc. v. AOL Inc.*, 576 F. App'x 982, 987 (Fed. Cir. 2014) ("Given that its own patents acknowledge that using the original search query for filtering was a 'conventional' technique, I/P Engine cannot now evade invalidity by arguing that integrating the query into the filtering process was a non-obvious departure from the prior art."); *Pharmastem Therapeutics, Inc. v. Viacell, Inc.*, 491 F.3d 1342, 1362 (Fed. Cir. 2007) ("Admissions in the specification regarding the prior art are binding on the patentee for purposes

of a later inquiry into obviousness."); *In re Breslow*, 616 F.2d 516, 523 n.1 (C.C.P.A. 1980) ("especially in view of appellant's admission in the specification"); *In re Pardo*, 684 F.2d 912, 914 (C.C.P.A. 1982) ("by the appellants' own admissions in their specification").

In its Opposition, RDC tepidly attempts a second argument on the merits. RDC argues, as it did at the Section 101 hearing, that the ordered combination of modules makes the claims of the '872 Patent sufficiently inventive to avoid Section 101. (Opp., at 3, 6, 8.) But RDC cites absolutely no support for its position; not a single citation to the specification, not a single case. And, as with RDC's encryption argument, its ordered combination argument is contradicted by the actual teachings of the '872 Patent, which makes clear that the modules can be implemented in any order. *See* '872, 4:3-12; FIGs 2, 8. This Court rightly held that RDC offered only attorney argument in support of its position that the ordered combination of modules is somehow special. (Tr., 46:13-47:22.) RDC continues to press nothing but attorney argument, untethered from the '872 Patent.

RDC cites an *amicus* brief filed by the Honorable Judge Paul Michel (ret.) in the *Athena Diagnostics* case. (Opp., at 8-9; D.I. 31.) RDC makes no attempt to map the facts of *Athena Diagnostics* to this case. Under RDC's reading, Judge Michel's *amicus* in that matter would prevent the application of Section 285 to all judgments of patent ineligibility. That reading is plainly wrong. Where, as here, the specification itself teaches that claims are merely conventional modules, the '872 Patent should not have been asserted post-*Alice*.

It is well-settled that a party "ha[s] an obligation to reevaluate its case in light of subsequent decisions." *Inventor Holdings, LLC v. Bed Bath & Beyond Inc*., No. 14-448, 2016 U.S. Dist. LEXIS 70345, at *7 (D. Del. May 31, 2016). Where a patentee fails to reassess its patent claims in light of recent decisions as to subject matter ineligibility, such a case may be

deemed to be exceptional, warranting the award of attorneys' fees. *Id.,* at \*8–9 ("The case at hand is an exceptional case because following the *Alice* decision, [patentee's] claims were objectively without merit . . . . The court is convinced that an award of attorneys' fees in this case is necessary to deter wasteful litigation in the future."); *see also Taurus IP, LLC v. DaimlerChrysler Corp.,* 726 F.3d 1306, 1328 (Fed. Cir. 2013) ("a party cannot assert baseless infringement claims and must continually assess the soundness of pending infringement claims").

### B.     RDC Denies Its Settlement Agreements Evidence Nuisance-Level Litigation

RDC denies that the Field Agent and TerraGo settlement agreements evidence nuisance value litigation by claiming it settled those matters after this Court found the claims of the '872 Patent to be patent ineligible.  (Opp., at 10.)   But that statements fails to account for the fact that RDC pressed its cases against each remaining defendant even after this Court's finding of patent ineligibility.  (*See* D.I. 32 ("Opening Br."), at 2-3.)  And that statement fails to inform the Court that RDC is still pressing the '872 Patent in the Northern District of California, even though that Court ruled that the '872 Patent was likely patent ineligible.  (*Id.*, at 2.)  RDC has no issue pressing patent claims after they have been found to be patent ineligible.  The Field Agent and TerraGo settlement amounts evidence the frivolous nature of RDC's suits.

## II.     THE NEED FOR DETERRENCE WARRANTS FEES

In its Motion and accompanying declaration, CompanyCam set forth extensive facts of Rothschild's litigation abuses, including the filing of eight hundred and twenty (820) patent litigation suits.  (Lamkin Decl., D.I. 33, ¶¶4-6.)  Rothschild cases rarely proceed to the merits. (Opening Br., at 1.)  Rothschild has never prevailed on the merits of any of his suits.  (Lamkin Decl., ¶¶4-6.)  Indeed, Rothschild is consistently called out by the courts and the patent law press

as a filer of baseless lawsuits.  (*Id*.)  The '872 Patent has been asserted forty-six (46) times but has never made it past the pleadings stage.  (*Id*. at 1.)  RDC addresses none of these facts.

The only deterrence fact addressed by RDC is CompanyCam's citation of *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs*., 858 F.3d 1383 (Fed. Cir. 2017), a case where the Federal Circuit reversed and remanded because the district court failed to award fees against Rothschild.  RDC claims RCDI is not relevant to this RDC matter because: (1) RCDI is not RDC; and (2), RDC argues, the facts of RCDI are not applicable here.  (Opp., 11.) RDC misreads *RCDI*.  It matters not that RDC and RCDI are allegedly different entities.[1]  The point of *RCDI* is that RDC's litigation conduct in other cases is relevant to the Court's Section 285 calculus.  RDC has asserted the '872 Patent forty-six (46) times, never proceeding to the merits.  That fact weighs in favor of fees against RDC.  *See Rothschild Connected Devices Innovations,* 858 F.3d at 1389-90.

### III.   NO REASONABLE LITIGANT WOULD ASSERT THE '872 PATENT AGAINST COMPANYCAM'S APPLICATION

In its opening brief in support of its motion, CompanyCam demonstrated that the Accused Product does not meet a critical claim limitation, *i.e.,* does not have a user verification module that provides assignments to the user.  (Opening Br., at 7-8.)  CompanyCam also pointed out that none of the alleged evidence attached to RDC's Complaint demonstrates the satisfaction of this claim limitation.  (*Id*.)  This suggests that RDC understands the limitation is not met.

RDC's response: (1) argues that CompanyCam's evidence of non-infringement was not presented in a motion to dismiss so must be ignored; and (2) states "Rothschild disagrees with the attorney argument of Defendant. Rothschild presented claim charts with its complaint and

---

[1] Although beyond the scope of this motion, Rothschild is the sole owner and sole manager of both RDC and RCDI.  They are not different entities.  But a finding on this issue is not necessary for CompanyCam's motion.

those charts are sufficient to establish infringement. Defendant is now performing a claim construction to determine the scope of the claims and this is not the proper motion for this type of analysis."  (Opp., 11-12.)

RDC's first argument is barely cognizable; the decision to file a Section 101 motion instead of an *Iqbal/Twombly* motion is solely within CompanyCam's discretion and does not operate to bar CompanyCam from highlighting the frivolous nature of RDC's infringement allegations in a Section 285 motion.  More importantly, it's not simply that RDC failed to properly allege infringement in its Complaint; the material fact is that CompanyCam's application cannot infringe the claims of the '872 Patent because it does not meet the limitations of the claims, and RDC has presented no evidence to the contrary.

RDC's second argument is equally unavailing.   RDC merely says it provided claim charts and those are enough; RDC fails to address the merits of CompanyCam's evidence in any manner.  Further, in its claim chart, RDC only proffers the following evidence:



Source: https://companycam.com/blog/how-to-create-a-project

(D.I. 1-2, at 6.)

But the very link cited by RDC makes clear that the screenshot provided is merely a list

of the projects near the user, a list previously created by the user.  CompanyCam's application simply does not issue assignments to a user; it does not have that capability.  And no claim construction is needed to demonstrate that an assignment is never provided by the Accused Product.  Materially, RDC failed to suggest how any claim construction might change the very clear case of non-infringement presented by CompanyCam.  RDC's failure to even discuss the merits of CompanyCam's non-infringement evidence is telling.  Regardless, whether RDC's infringement allegations are plausible is certainly relevant to the Section 285 analysis.  *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 572 U.S. 545, 554 n.6, 134 S. Ct. 1749, 1756 (2014); *Kindred Studio Illustration & Design v. Elec. Commun. Tech*., No. 2:18-CV-07661 (GJS), 2019 U.S. Dist. LEXIS 127983, at *10 (C.D. Cal. May 23, 2019).

## IV.    CONCLUSION

RDC fails to take seriously CompanyCam's Section 285 motion, barely addressing the arguments therein.  RDC fails to take seriously its obligation to evaluate the merits of its legal and factual positions before filing suit.   RDC's nonchalance is likely caused and bolstered by the rarity of an attorney's fees award.  Rothschild filed eight hundred and twenty (820) frivolous lawsuits, banking on the fact that fees are rare.  But Rothschild cannot continue to treat courts like an ATM machine and small businesses as his bank.  Where, as here, Rothschild chooses to file claims that are clearly patent ineligible by the very admissions in the '872 Patent specification, and where, as here, Rothschild chooses to assert claims against a product that fails to even contain the claimed functionality, fees are well-deserved.

/s/ Andrew E. Russell
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

OF COUNSEL:
Rachael D. Lamkin
LAMKIN IP DEFENSE
100 Pine Street, Suite 1250
San Francisco, CA 94111
(916) 747-6091

Dated: May 7, 2020

9