IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROTHSCHILD DIGITAL CONFIRMATION, LLC, ) ) ) Plaintiff, ) ) v. ) ) COMPANYCAM, INC., ) ) Defendant. ) | C.A. No. 19-1109 (MN) |

## MEMORANDUM OPINION

Stamatios Stamoulis, Stamoulis & Weinblatt, LLP, Wilmington, DE; David A. Chavous, Chavous Intellectual Property Law LLC, North Andover, MA – Attorneys for Plaintiff

John W. Shaw, Karen E. Keller, Andrew E. Russell, Nathan R. Hoeschen, SHAW KELLER LLP, Wilmington, DE; Rachael D. Lamkin, LAMKIN IP DEFENSE, San Francisco, CA – Attorneys for Defendant

October 13, 2020
Wilmington, DE



**NOREIKA, U.S. DISTRICT JUDGE**

Presently before the Court is the motion of Defendant CompanyCam, Inc. ("Defendant") to declare this case exceptional under 35 U.S.C. § 285 and for an award of attorneys' fees. (D.I. 31). The motion has been fully briefed. (*See* D.I. 32, 33, 34, 36 & 38), For the reasons set forth below, Defendant's motion is GRANTED.

## I. BACKGROUND

On June 15, 2019, Plaintiff Rothschild Digital Confirmation, LLC ("Plaintiff") filed this case against Defendant[1] and another case against a different defendant (C.A. No. 19-1108) asserting U.S. Patent No. 7,456,872 ("the '872 Patent"). Within the next two months, Plaintiff filed an additional six cases asserting infringement of that patent. (*See* C.A. Nos. 19-1472 (MN); 19-1473 (MN); 19-1474 (MN); 19-1601 (MN); 19-1602 (MN); 19-1603 (MN)). The following year, Plaintiff filed three more. (*See* C.A. Nos. 20-167 (MN); 20-168 (MN); 20-169 (MN)).

On August 19, 2019, Defendant move to dismiss, alleging that the claims of the '872 Patent were ineligible under 35 U.S.C. § 101. (*See* D.I. 10 & 11). On March 11, 2020, the Court held oral argument on the motion and, at the end of the argument, the Court stated that it would grant Defendant's motion and explained its reasoning in holding the claims ineligible. (*See* D.I. 50 in C.A. No. 19-1108 (hereinafter "Tr.") at 37:15-48:12).[2] The Court also noted that not all of the defendants in the related cases had moved to dismiss and requested a "status report addressing all of the cases [filed in Delaware] and [explaining] what, if anything, we need to do with respect to

---

[1] Plaintiff originally asserted claim 27 of the '872 Patent. That claim, however, had been invalidated by the Patent Trial and Appeal Board and thus, on August 5, 2019, Plaintiff filed an amended complaint asserting claim 1 of the '872 Patent. (D.I. 8 ¶ 26; *see also* D.I. 8-1).

[2] C.A. No. 19-1108 was the lead case for all consolidated actions involving allegations of infringement of the '872 Patent.

each of those cases." (Tr. at 48:13-21).  Thereafter, on March 19, 2020, Plaintiff unilaterally dismissed the case with prejudice as to Defendant.  (D.I. 48 in C.A. 19-1108).  Plaintiff later submitted a status report stating that the cases against the other defendants – *i.e.*, those who had not moved to dismiss – should proceed notwithstanding the Court's ruling.  (*See* D.I. 55 in C.A. No. 19-1108).  Plaintiff stated that it intended to produce its initial infringement contentions, that the defendants' invalidity contentions remained due, and that it "intend[ed] to move to amend the complaints filed in the remaining cases here pursuant to Rule 15." (*Id.* ¶ 3-5 & 7).  The Court then scheduled a teleconference for April 8, 2020 to discuss Plaintiff's proposal.  During that conference, Plaintiff reversed course and stated that it would either stipulate to dismissal of the other cases or move to dismiss if defendants in those cases would not agree to a stipulation.  The remaining cases were later dismissed.[3]  On April 16, 2020, Defendant filed the present motion and supporting papers. (*See* D.I. 31, 32, 33 & 34).

## II.    LEGAL STANDARD

Section 285 of the Patent Act provides that a "court in exceptional cases may award reasonable attorney fees to the prevailing party."[4]  35 U.S.C. § 285.  An exceptional case within the meaning of the statute is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).  Whether a case is exceptional is a question committed to the Court's discretion, and the Court must consider the totality of the circumstances

---

[3]    At least two of the cases were dismissed pursuant to settlement agreement shortly after the Court's ruling at the oral argument. (*See* D.I. 33, Exs. C & D).

[4]    There is no dispute in this case that Defendant is the prevailing party.

in reaching its conclusion.  *Id.*  In assessing the totality of the circumstances, the Court may consider, *inter alia*, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  *Id.* at 554 n.6.  A party seeking attorneys' fees must show the case is exceptional by a preponderance of the evidence.  *Id.* at 557-58.  The Court may award attorneys' fees in "the rare case in which a party's unreasonable conduct – while not necessarily independently sanctionable – is nonetheless so 'exceptional' as to justify an award of fees."  *Id.* at 555.

### III.    DISCUSSION

Defendant argues that the present case is exceptional within the meaning of § 285 and that attorneys' fees should be awarded based on three grounds.  (*See, e.g.*, D.I. 32 at 4-7).  The Court will address each of these in turn.

#### A.    Section 101 Issues

Defendant asserts that "[t]he claims of the '872 Patent are clearly not eligible for patent protection" and that no reasonable litigant would believe that the '872 Patent is drawn to patent-eligible subject matter.  (D.I. 32 at 4).  The Court agrees that Plaintiff's case was relatively weak.  Indeed, the Court concluded that the claims of the '872 Patent are ineligible under § 101 during the oral argument on Defendant's motion to dismiss.  (Tr. at 37:15-48:12).  Yet whether that conclusion was "clear" is a closer question.

On the one hand, suggesting that the ineligibility of the '872 Patent was clear, Plaintiff did not seek reconsideration or an appeal of the Court's determination of ineligibility.  Nor did Plaintiff even request leave to amend its complaint to attempt to include plausible factual allegations relating to patent eligibility, which might have changed the § 101 analysis.  Instead, Plaintiff quickly dismissed the case, ensuring the determination would not be reviewed – and indeed would

3

not be noted on the docket. Additionally, the California court that also addressed the eligibility of the '872 Patent claims found the claims directed to ineligible subject matter. *See Rothschild Digital Confirmation, LLC v. Skedulo Holdings Inc.*, No. 3:19- 02659-JD, 2020 WL 1307016, at *6 (N.D. Cal. Mar. 19, 2020).

On the other hand, suggesting less clarity, the California court allowed Plaintiff the opportunity to amend its complaint because the court (although expressing doubts) could not conclusively say that amendment would be futile. This leave to amend suggests that Plaintiff may have been able to raise a factual question as to the patent eligibility of the '872 Patent – *i.e.*, it was not so "clear" that the claims are ineligible.[5] Moreover, § 101 jurisprudence is hardly straightforward and rarely lends itself to easily predicted outcomes. "Neither the Supreme Court nor the Federal Circuit has ventured a single, comprehensive definition of what constitutes an abstract idea." *Epic IP LLC v. Backblaze, Inc.*, 351 F.Supp.3d 733, 737 (D. Del. 2018) (Bryson, J., by designation) (citations omitted). Lacking a single definition, courts must "look to similar cases, *see Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334 (Fed. Cir. 2016), and their guiding 'principles' to determine whether claims are directed to an abstract idea." *AlexSam, Inc. v. HealthEquity, Inc.*, No. 2:19-00445, 2020 WL 4569276, at *3 (D. Utah Aug. 7, 2020) (citing *Epic*, 351 F. Supp. 3d at 737). This task is not always easy, and this Court has at times struggled in its attempts to navigate and reconcile the case law to discern well-defined and consistent principles to apply in a given case. This further suggests that it is a rare case when it is clear – at the outset or otherwise – that a patent will fall under § 101.

---

[5] Similarly, that some of the defendants in the related cases did not file motions to dismiss or join those already filed may suggest that the issue was not as clear as Defendant contends.

### B.     Vexatious Litigation Involving the '872 Patent and Other Patents

Defendant argues that Plaintiff has engaged in vexatious litigation related to the '872 Patent and other patents. According to Defendant, Plaintiff has filed eight hundred and twenty (820) patent-litigation suits but has not prevailed on the merits of any of them. (D.I. 38 at 5 (citing D.I. 33 ¶¶ 4-6). "The '872 Patent has been asserted forty-six (46) times but has never made it past the pleadings stage." (D.I. 38 at 6 (citing D.I. 33 ¶ 6 & Ex. A)). Further, Defendant asserts that Plaintiff tends to settle its cases for nuisance value and Defendant has provided the Court with several examples. (D.I. 32 at 6 (citing D.I. 33 ¶¶ 9-10)).[6]

Such vexatious litigation may form a basis for a finding of exceptional case. Indeed, as the Federal Circuit held in another case involving a similar plaintiff and similar circumstances, "in the absence of evidence demonstrating that Rothschild engaged in reasonable conduct before the District Court, the undisputed evidence regarding Rothschild's vexatious litigation warrants an affirmative exceptional case finding here." *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs.*, 858 F.3d 1383, 1390 (Fed. Cir. 2017). In reaching that conclusion, the Federal Circuit cited two cases worth noting here. First, *SFA Systems, LLC v. Newegg Inc.*, where the Federal Circuit explained that "a pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285." 793 F.3d 1344, 1350 (Fed. Cir. 2015). And second, *Eon-Net LP v. Flagstar Bancorp*, where the Federal Circuit noted that settlement offers that were "less than ten percent of

---

[6]     Notwithstanding the terms of the settlement agreements, Plaintiff disputes that the agreements were for nuisance value and argues that it "was simply seeking to end the litigation after the Court's indication of its position" at the hearing. (D.I. 36 at 3).

5

the cost that [a defendant] expended to defend suit—effectively ensured that [a plaintiff's] baseless infringement allegations remain unexposed." 653 F.3d 1314, 1327 (Fed. Cir. 2011).

Here, the reasonableness of Plaintiff's conduct before this Court is not without question. During the hearing when the Court ruled that the '872 Patent claims are ineligible under § 101, the Court asked Plaintiff to submit a status report indicating how Plaintiff intended to proceed in related cases against other defendants who had not moved to dismiss. In response, Plaintiff dismissed the instant case (before the Court entered an order on the docket granting Defendant's motion) and submitted a status report stating that the cases against the other defendants should proceed. (*See* D.I. 55 in C.A. 19-1108). In the status report, Plaintiff indicated that it intended to produce its initial infringement contentions, that the defendants' invalidity contentions remained due, and that Plaintiff "intends to move to amend the complaints filed in the remaining cases here pursuant to Rule 15." (*Id.* ¶¶ 3-5 & 7). Then, after the Court scheduled a conference to discuss Plaintiff's position, Plaintiff reversed course, stating that it had asked the other defendants to agree to dismiss, and that it would move to dismiss its own complaint under Rule 41(a)(2) if they refused. Thus, knowing the Court's position as to the '872 Patent (and the California court's position), Plaintiff apparently attempted to exert pressure on other defendants to settle or be left to spend money litigating a patent that had twice been found to cover ineligible subject matter. And only when forced to explain its position to the Court did Plaintiff reverse course.[7] That is troubling.

---

[7] Plaintiff's initial refusal to drop its claims as to other defendants raises questions as to its representation to the Court that its settlements with other defendants (TerraGo and Field Agent) were "simply seeking to end the litigation after the Court's indication of its position" at the hearing. (D.I. 36 at 3). Indeed, it was ***after*** those settlements were signed – in March of 2020 – that Plaintiff informed the Court that it intended to force defendants in other cases to go forward with discovery. (*See* D.I. 55 in C.A. No. 19-1108).

6

### C. Plaintiff's Assertions of Infringement Against Defendant

Defendant asserts that "no reasonable litigant would think that CompanyCam's smartphone application infringes the '872 Patent." (D.I. 32 at 7). In support, Defendant asserts that claim 1 of the '872 Patent requires any infringing device to have a user verification module that provides an assignment to the user. (*Id.*). Relying on the PTAB's findings, Defendant argues that this means that claim 1 "does not require merely that an assignment be 'provided,' but specifically requires the assignment to be provided 'to the user' by a user verification module[.]'" (D.I. 32 at 7). Defendant then makes various representations as to how its accused application works. (*See* D.I. 32 at 7-8; *see also* D.I. 38 at 6-8).

Defendant, however, did not raise any infringement issues in its motion to dismiss. (*See* D.I. 11). Nor did Defendant address the issue with Plaintiff before the current motion practice. (D.I. 36 at 11). The Court is left with only attorney argument from Defendant that it does not infringe juxtaposed with unexplained claim charts from Plaintiff attempting to show that Defendant does infringe. The issue of potentially baseless infringement allegations, which was raised for the first time in a motion for attorneys' fees, is simply not an issue that the Court can adequately address on the record before it.

### D. Totality of the Circumstances

The Court must view all of the conduct set forth above, along with the conduct of Defendant and any other relevant factors, in assessing the totality of the circumstances to determine whether this case is exceptional. *See Octane Fitness*, 572 U.S. at 554 ("District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances."); *see also Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prod., Inc.*, 790 F.3d 1369, 1373 (Fed. Cir. 2015) ("[T]he conduct of the parties is a relevant

7

factor under Octane's totality-of-the-circumstances inquiry, including the conduct of the movant . . . ." (footnote omitted)). Here, as noted above, Plaintiff's case with respect to the § 101 issues was relatively weak. If that were the only basis for Defendant's motion, for the reasons stated above (*supra* § III(A)), the Court likely would not find this case to be exceptional. But that is not the only basis asserted to find this case exceptional.

Here, in addition, there is a pattern of troubling litigation conduct. Plaintiff has asserted the '872 Patent (and apparently others) numerous times against a broad swathe of defendants. Almost all of those cases failed to advance beyond the pleadings.[8] Moreover, here, after hearing the Court's ruling as to the '872 Patent, Plaintiff unilaterally dismissed its case against Defendant before the Court's order was entered and then prolonged litigation against defendants in other cases before giving up when called to face the Court. Thus, in light of the totality of the circumstances,[9] the Court finds this case to be exceptional

### E. Attorneys' Fees

Having determined that this case is exceptional, the Court next considers whether an award of fees is appropriate. The Court recognizes that, despite finding the present case to be exceptional, the Court need not award any fees at all. *See Icon Health & Fitness, Inc. v. Octane Fitness, LLC*, 576 F. App'x 1002, 1005 (Fed. Cir. 2014) ("The Supreme Court's decision in *Octane* did not, however, revoke the discretion of a district court to deny fee awards even in exceptional cases.").

---

[8] The Court recognizes that Plaintiff is entitled to assert its intellectual property rights. That entitlement, however, is not unbounded. It requires good-faith assertions of infringement and reasonable behavior during litigation.

[9] The Court has considered all factors advanced by Defendant to support a finding of exceptionality, as well as those offered by Plaintiff in opposition, even if not explicitly addressed in this opinion. *See Univ. of Utah v. Max-Planck-Gesellschaft zur Foerderung der Wissenschaften e.V.*, 851 F.3d 1317, 1323 (Fed. Cir. 2017) (noting that the trial judge has "no obligation to write an opinion that reveals her assessment of every consideration" when ruling on a motion for attorneys' fees under § 285).

8

Here, however, the Court agrees that an award of at least some attorneys' fees is merited in light of the relatively weak merits of the case and the fact that the litigation conduct complained of does not appear to be an isolated practice. *See Elec. Commc'n Techs., LLC v. ShoppersChoice.com, LLC*, 963 F.3d 1371, 1378 (Fed. Cir. 2020).

Defendant has submitted an estimate of its attorneys' fees with its motion and requests the opportunity to submit further argument on the amount and reasonableness of its fees. Within fourteen days, Defendant shall submit to the Court an accounting of the attorneys' fees it seeks with a brief explanation as to why those fees are reasonable. Plaintiff may then respond to Defendant's submission within fourteen days.

## IV   CONCLUSION

For the foregoing reasons, Defendant's motion to declare this case exceptional and for an award of fees is granted. An order will follow.