IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROTHSCHILD DIGITAL CONFIRMATION, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 19-1109-MN ) |
| COMPANYCAM, INC., | ) ) |
| Defendant. | ) ) |

**DECLARATION OF RACHAEL D. LAMKIN IN SUPPORT OF COMPANYCAM'S "REASONABLENESS" ACCOUNTING**

I, Rachael D. Lamkin, declare as follows:

1. I am lead counsel of record for Defendant CompanyCam. I am an attorney licensed to practice law in all state and federal courts in California, the Eastern District of Texas, Colorado federal court, the Court of International Trade, the International Trade Commission, and the Federal Circuit Court of Appeals. I was admitted *Pro Hac Vice* in this matter on August 14, 2019.

2. I am over the age of 18, and I have personal knowledge of the facts set forth herein and could competently testify about these matters if called upon to do so.

3. I submit this declaration in response to the Court's order, (D.I. 41), directing CompanyCam to provide an accounting of the attorneys' fees that CompanyCam seeks, and to provide a brief explanation as to why those fees are reasonable.

4. My billing rate for small companies such as CompanyCam is $600/hour, which is less than attorneys of my experience and geographic location (San Francisco California). *See*

Exhibit 2 to the Declaration of Andrew E. Russell, the American Intellectual Property Law Association's 2019 Report of the Economic Survey, at I-29 (listing rates).

5. I charge this rate to small companies so that more entities can afford to defend themselves against non-practicing entities and other patent monetization entities, which is my specialty, as explained below.

6. I have been a patent litigator for fourteen (14) years. I have litigated (as trial counsel) or supervised (as in-house counsel) more than a hundred (100) patent cases. I have been lead trial counsel (first-chair litigator) in more than seventy (70) patent cases. I am also a patent litigation lecturer for the Practicing Law Institute and SAS Institute's Non-Practicing Entity Forum each year.

7. Currently, I am the owner of Lamkin IP Defense, a law firm formed in 2016 that specializes in defending companies against patent monetization entities ("PMEs):

https://www.lamkinipdefense.com

8. My firm and my litigations against PMEs prior is often mentioned in the patent litigation press and blogosphere for successes against PMEs, including, for example:

   a. https://www.eff.org/deeplinks/2018/02/startup-wont-give-motivational-health-messagings-35000-patent-demand

   b. https://www.law360.com/articles/1163042

   c. https://patentlyo.com/2011/07

9. The Federal Circuit has relied upon my cases to mandate fees in Section 285 opinions. *See Elec. Commun. Techs., LLC v. ShoppersChoice.com, LLC*, 963 F.3d 1371 (Fed. Cir. 2020) (discussing my case True Grit: *Kindred Studio Illustration & Design v. Elec. Commun. Tech*., ("True Grit"), Case No. 2:18-cv-07661-GJS, 2019 U.S. Dist. LEXIS 127983,

2019 WL 3064112, at *6-9 (C.D. Cal. May 23, 2019).)

10. Prior to founding Lamkin IP Defense, I ran patent litigation worldwide for a privately held company worth more than eight (8) billion dollars. Prior to that I was a patent litigator for several tier-one law firms, including Day Casebeer before it was acquired by Howrey.

11. The fees I charged CompanyCam and a summary of the tasks performed are as follows:

| Date | Hours | Tasks |
| --- | --- | --- |
| 7/15/19 | 1.3 | Draft motion to extent time to answer |
| 7/18/19 | 1.4 | Conduct initial case analysis, including infringement and invalidity; discuss same with client |
| 8/13/19 | 2.7 | Draft answer to complaint |
| 8/14/19 | 4.2 | Begin drafting Section 101 motion to dismiss |
| 8/15/19 | 5.3 | Continue drafting motion to dismiss; conduct all legal and factual analysis necessary for same |
| 9/4/19 | 3.2 | Analyze opposition to motion to dismiss; review facts and law re: same |
| 9/5/19 | 5.7 | Draft reply in support of motion to dismiss |
| 10/28/19 | 2.7 | Draft summary of case for investors; review merits of case for same |
| 2/13/20 | 2.3 | Draft letter to Judge Noreika naming most on point case, conduct research for same |
| 3/9/20 | 5.2 | Prepare for section 101 hearing, including review of patent, |

| Date | Hours | Tasks |
|---|---|---|
| | | prosecution history, IPRS, and pleadings |
| 3/10/20 | 11.2 | Continue preparation for Section 101 hearing; complete creation of PowerPoint deck for same |
| 3/11/20 | 3.6 | Present argument in Section 101 hearing; engage in final preparations for same |
| 4/13/20 | 8.3 | Draft Section 285 Motion for fees; conduct all factual and legal research and analysis for same |
| 4/14/20 | 7.7 | Continue drafting motion for fees |
| 5/1/10 | 3.9 | Review and analyze opposition to motion for fees; advise client re: same |
| 5/5/20 | 5.4 | Draft reply in support of motion for fees |
| 5/6/20 | 3.9 | Continue drafting reply in support of motion for fees |
| 10/13/20 | 1.9 | Analyze Court's order, DI 41, granting fees; advise client re: same |
| 10/25/20 | 3.2 | Draft declaration in support of reasonableness of fees; review invoices and Russell declaration re: same |
| | 83.1 | Total |

12. I have billed 83.1 hours on this matter @ $600/hour for a total of $49,860. For that amount of money, CompanyCam received: (1) a full case analysis; (2) an analysis and letter to investors; (3) an answer to Rothschild's complaint, (4) a successful motion to dismiss; and (5) a successful fees motion.

13. I understand that the total fees charged by Shaw Keller LLP, local counsel for

4

CompanyCam, were $37,910.00, as set forth in the Declaration of Andrew E. Russell, filed concurrently.

14. Thus, CompanyCam's total attorneys' fees from both my firm and Shaw Keller LLP were $87,770.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 27, 2020 in Sausalito, California.

*Rachael D. Lamkin*
Rachael D. Lamkin