# EXHIBIT 8

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*:<br><br>OREXIGEN THERAPEUTICS, INC.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 18-10518 (JTD)<br><br>**Objection Deadline**: August 2, 2019 at 4:00 p.m. (ET)<br>**Hearing Date**: TBD |

## FIFTEENTH MONTHLY (FOR THE PERIOD MAY 1, 2019 THROUGH MAY 31, 2019) AND FINAL APPLICATION OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP, AS DELAWARE BANKRUPTCY CO-COUNSEL FOR THE DEBTOR FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD MARCH 12, 2018 THROUGH MAY 31, 2019

| | |
|---|---|
| Name of Applicant: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| Authorized to Provide Professional Services to: | Debtor |
| Date of Retention: | April 11, 2018, *nunc pro tunc* to March 12, 2018 |
| Monthly Period for which compensation and reimbursement is sought: | May 1, 2019 through May 31, 2019 |
| Amount of Monthly compensation sought as actual, reasonable and necessary: | $33,977.50 |
| Amount of Monthly reimbursement sought as actual, reasonable and necessary: | $775.53 |
| Final Period for which compensation and reimbursement is sought: | March 12, 2018 through May 31, 2019 |
| Amount of Final compensation sought as actual, reasonable and necessary: | $961,740.00 |
| Amount of Final reimbursement sought as actual, reasonable and necessary: | $24,681.86 |

---

[1] The last four digits of the Debtor's federal tax identification number are 8822. The Debtor's mailing address for purposes of this Chapter 11 Case is c/o Hogan Lovells US LLP, 390 Madison Ave., New York, NY 10017.

22. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge, and belief that this Application complies with that Rule.

### INFORMATION RELATED TO UST GUIDELINES

23. Morris Nichols provides the following information pursuant to the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "Revised U.S. Trustee Guidelines").

24. Morris Nichols's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy attorneys. In addition, Morris Nichols's hourly rates for bankruptcy services are comparable to the rates charged by Morris Nichols, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.

25. The blended hourly rate for all Morris Nichols timekeepers who worked on this case is approximately the same as the firm's blended rate for all timekeepers over a Comparable Period (defined below). In particular, the blended hourly rate for all Morris Nichols timekeepers (including both professionals and paraprofessionals) who billed to matters excluding chapter 11 representations (collectively, the "Non-Chapter 11 Matters") during the 12-month period beginning May 1, 2018 and ending on May 1, 2019 (the "Comparable Period") was, in the aggregate, approximately $607.94. By comparison, the blended hourly rate for all Morris Nichols timekeepers (including both professionals and paraprofessionals) who worked on this case during the Monthly Application Period was, in the aggregate, $616.65.

26. The following table shows blended hourly rates by category of professional and paraprofessional (rounded to the nearest dollar):

| Position at Morris Nichols | Blended Hourly Rate for Application Period | Blended Hourly Rate Non-Chapter 11 Matters |
|---|---|---|
| Partner | $798.70 | $804.86 |
| Associate | $645.85 | $478.61 |
| Special Counsel | $0.00 | $599.24 |
| Paralegal | $305.00 | $279.61 |
| Litigation Support Specialists | $0.00 | $313.17 |
| Case Clerk | $165.00 | $160.09 |

27. In addition, Morris Nichols provides the following responses to the inquiries stated in section C.5 of the Revised U.S. Trustee Guidelines:

a. Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain. **No**.

b. If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? **Not applicable**.

c. Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? **No**.

d. Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees. **No. Morris Nichols reserves the right to seek such fees in subsequent applications**.

e. Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees. **No**.

f. If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? and (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458? **Yes**.

-8-

WHEREFORE, Morris Nichols respectfully requests that this Court: (i) allow Morris Nichols (a) monthly compensation in the amount of $33,977.50 for actual, reasonable, and necessary professional services rendered on behalf of the Debtor during the Monthly Application Period, and (b) monthly reimbursement in the amount of $775.53 for actual, reasonable, and necessary expenses incurred during the Monthly Application Period; and (ii) allow Morris Nichols (a) final compensation in the amount of $961,740.00; for actual, reasonable, and necessary services rendered to or on behalf of the Debtor during the Final Application Period, (b) final reimbursement of $24,681.86 for actual, reasonable, and necessary expenses incurred during the Final Application Period, (c) authorize and direct the Debtors to pay Morris Nichols an amount equal to the sum of such allowed compensation and reimbursement, less any amounts previously paid by the Debtor; and (iii) grant such other further relief as the Court deems just and proper.

Dated: July 19, 2019  
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/    Tamara K. Mann*
Robert J. Dehney (No. 3578)
Andrew R. Remming (No. 5120)
Tamara K. Mann (No. 5643)
1201 N. Market St., 16th Floor
P.O. Box 1347
Wilmington, DE  19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
rdehney@mnat.com
aremming@mnat.com
tmann@mnat.com

*Counsel for Debtor and Debtor in Possession*

-9-

**Exhibit C**
**Customary and Comparable Compensation Disclosures**

12

Morris Nichols's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy attorneys. In addition, Morris Nichols's hourly rates for bankruptcy services are comparable to the rates charged by Morris Nichols, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.

The blended hourly rate for all Morris Nichols timekeepers who worked on these cases is approximately the same as the firm's blended rate for all timekeepers over a Comparable Period (defined below). In particular, the blended hourly rate for all Morris Nichols timekeepers (including both professionals and paraprofessionals) who billed to matters excluding chapter 11 representations (collectively, the "Non-Chapter 11 Matters")[1] during the 12-month period beginning May 1, 2018 and ending on May 1, 2019 (the "Comparable Period") was, in the aggregate, approximately $607.94.[2] By comparison, the blended hourly rate for all Morris Nichols timekeepers (including both professionals and paraprofessionals) who worked on these cases during the Monthly Application Period was, in the aggregate, $616.65.

The following table shows blended hourly rates by category of professional and paraprofessional (rounded to the nearest dollar):

| Position at Morris Nichols | Blended Hourly Rate for Application Period | Blended Hourly Rate Non-Chapter 11 Matters |
|---|---|---|
| Partner | $798.70 | $804.86 |
| Associate | $645.85 | $478.61 |
| Special Counsel | $0.00 | $599.24 |
| Paralegal | $305.00 | $279.61 |
| Litigation Support Specialists | $0.00 | $313.17 |
| Case Clerk | $165.00 | $160.09 |

---

[1] It is the nature of Morris Nichols's practice that certain non-bankruptcy engagements require the advice and counsel of professionals and paraprofessionals who work primarily within Morris Nichols's Business Reorganization and Restructuring Group. Accordingly, Non-Chapter 11 Matters consist of matters for which Morris Nichols timekeepers represented a client in a matter *other than* court-approved chapter 11 representations. The Non-Chapter 11 Matters include time billed by Morris Nichols timekeepers who work within Morris Nichols's Business Reorganization and Restructuring Group.

[2] Morris Nichols calculated the blended rate for Non-Chapter 11 Matters by dividing the *total dollar amount* billed by Morris Nichols timekeepers to Non-Chapter 11 Matters during the Comparable Period by the *total number of hours* billed by such Morris Nichols timekeepers to Non-Chapter 11 Matters during the same period.