# EXHIBIT 9

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Venoco, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 17-10828 (KG)<br><br>(Jointly Administered)<br><br>**Objections Due:**<br>November 15, 2018 at 4:00 p.m. (ET)<br>**Hearing Date**:<br>November 30, 2018 at 2:00 p.m. (ET) |

## FINAL APPLICATION OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP, AS DELAWARE BANKRUPTCY CO-COUNSEL FOR THE DEBTORS, FOR ALLOWANCE OF FINAL COMPENSATION AND FOR FINAL REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD APRIL 17, 2017 THROUGH OCTOBER 1, 2018

| | |
|---|---|
| Name of Applicant: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | May 26, 2017, *nunc pro tunc* to April 17, 2017 |
| Final Period for which compensation and reimbursement is sought: | April 17, 2017 through October 1, 2018 |
| Amount of Final compensation sought as actual, reasonable and necessary: | $681,818.00 |
| Amount of Final reimbursement sought as actual, reasonable and necessary: | $36,088.76 |
| This is a ___ monthly | __x__ final application |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Venoco, LLC (3555); TexCal Energy (LP) LLC (0806); Whittier Pipeline Corporation (1560); TexCal Energy (GP) LLC (0808); Ellwood Pipeline, Inc. (5631); and TexCal Energy South Texas, L.P. (0812). The Debtors' main corporate and mailing address for purposes of these chapter 11 cases is: Venoco, LLC, 3700 Quebec Street, 100-223, Denver, CO 80207.

The total time expended for fee application preparation is approximately 20.0 hours.

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 7/13/17 D.I. 363 | 4/17/17-5/31/17 | $193,522.50/$14,883.90 | $193,522.50/$14,883.90 |
| 8/22/17 D.I. 447 | 6/1/17-6/30/17 | $67,425.00/$3,323.78 | $67,425.00/$3,323.78 |
| 8/28/17 D.I. 455 | 7/1/17-7/31/17 | $30,942.00/$1,183.64 | $30,942.00/$1,183.64 |
| 9/27/17 D.I. 497 | 8/1/17-8/31/17 | $20,321.50/$228.88 | $20,321.50/$228.88 |
| 10/31/17 D.I. 614 | 9/1/17-9/30/17 | $34,450.00/$453.00 | $34,450.00/$453.00 |
| 11/20/17 D.I. 658 | 10/1/17-10/31/17 | $116,976.00/$7,773.71 | $116,976.00/$7,773.71 |
| 12/20/17 D.I. 731 | 11/1/17-11/30/17 | $40,151.50/$3,448.76 | $40,151.50/$3,448.76 |
| 1/18/18 D.I. 773 | 12/1/17-12/31/17 | $28,341.00/$1,404.90 | $28,341.00/$1,404.90 |
| 3/9/18 D.I. 818 | 1/1/18-1/31/18 | $13,961.50/$185.10 | $13,961.50/$185.10 |
| 4/12/18 D.I. 857 | 2/1/18-2/28/18 | $15,133.00/$493.10 | $15,133.00/$493.10 |
| 4/23/18 D.I. 870 | 3/1/18-3/31/18 | $28,030.50/$822.01 | $28,030.50/$822.01 |
| 5/29/18 D.I. 928 | 4/1/18-4/30/18 | $15,276.00/$126.80 | $15,276.00/$126.80 |
| 6/28/18 D.I. 959 | 5/1/18-5/31/18 | $54,600.50/$784.99 | $54,600.50/$784.99 |
| 8/15/18 D.I. 991 | 6/1/18-6/30/18 | $5,517.50/$868.79 | $5,517.50/$868.79 |
| 8/24/18 D.I. 996 | 7/1/18-7/31/18 | $2,428.00/$25.10 | $2,428.00/$25.10 |
| 10/1/18 D.I. 1023 | 8/1/18-8/31/18 | $5,715.00/$43.80 | $4,572.00/$43.80 |
| 10/24/18 D.I. 1044 | 9/1/18-10/1/18 | $7,564.50/$38.50 | Pending |

12280559.2

**FINAL COMPENSATION BY PROFESSIONAL**
**VENOCO, LLC, ET AL.**
**(CASE NO. 17-10828 (KG))**

**April 17, 2017 through October 1, 2018**

| Name of Professional Person | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Robert J. Dehney | Partner/Bankruptcy. Partner since 1999. Joined firm as an associate in 1996. Member of the DE Bar since 1997. | 525 | 3.8 | $1,995.00 |
| | | 1050 | 74.0 | 77,700.00 |
| Eric D. Schwartz | Partner/Bankruptcy. Partner since 2002. Joined firm as an associate in 1999. Member of the DE Bar since 1992. | 775 | 4.2 | 3,255.00 |
| Gregory W. Werkheiser | Partner/Bankruptcy. Partner since 2005. Joined firm as an associate in 1996. Member of the DE Bar since 1996. | 750 | .8 | 600.00 |
| Curtis S. Miller | Partner/Bankruptcy. Partner since 2012. Joined firm as an associate in 2003. Member of the DE Bar since 2003. | 695 | 22.9 | 15,915.50 |
| Andrew Remming | Partner/Bankruptcy. Partner since 2016. Joined the firm as an associate in 2008. Member of DE Bar since 2008. | 325 | 3.8 | 1,235.00 |
| | | 650 | 283.8 | 184,470.00 |
| | | 700 | 69.3 | 48,510.00 |
| Matthew B. Harvey | Associate/Bankruptcy. Associate at the firm from 2008 to Sept. 2013; rejoined the firm as an associate in Nov. 2014. Member of the DE Bar since 2008. | 625 | 7.7 | 4,812.50 |
| | | 675 | .4 | 270.00 |
| Daniel B. Butz | Of Counsel/Bankruptcy. Joined firm as an associate in 2002. Member of the DE Bar since 2002. | 595 | 10.7 | 6,366.50 |
| Kimberly McKinnon | Special Counsel. | 575 | .3 | 172.50 |
| Tamara K. Minott | Associate/Bankruptcy. Joined firm as an associate in 2011. Member of the DE Bar since 2011. | 550 | .3 | 165.00 |
| Andrew Roth-Moore | Associate/Bankruptcy. Joined the firm as an associate in 2016. Member of the DE Bar since 2015. | 515 | 3.6 | 1,854.00 |
| Marcy McLaughlin | Associate/Bankruptcy. Joined the firm as an associate in 2015. Member of the DE Bar since 2015. | 415 | 98.7 | 40,960.50 |

3

12280559.2

# FINAL COMPENSATION BY PROJECT CATEGORY
# VENOCO, LLC, ET AL.
# (CASE NO. 17-10828 (KG))

### April 17, 2017 through October 1, 2018

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Case Administration | 137.2 | $79,275.00 |
| Asset Dispositions/363 Sales | 88.5 | 39,273.50 |
| Automatic Stay Matters | 10.0 | 4,977.00 |
| Creditors Communications and Meetings | 20.7 | 12,658.00 |
| Fee Applications (MNAT – Filing) | 117.6 | 40,649.00 |
| Fee Application (MNAT – Objections) | 8.3 | 2,659.00 |
| Fee Applications (Others – Filing) | 80.2 | 33,299.50 |
| Fee Applications (Other – Objections) | 22.1 | 7,296.50 |
| Executory Contracts/Unexpired Leases | 53.3 | 25,366.50 |
| Other Contested Matters | 200.3 | 111,143.50 |
| Non-Working Travel (Billed at 50%) | 7.6 | 3,230.00 |
| Environmental Matters | 14.1 | 9,024.00 |
| Employee Matters | 21.8 | 11,001.50 |
| Financing Matters/Cash Collateral | 1.2 | 434.00 |
| Tax Matters | 6.1 | 2,902.00 |
| Insurance Matters | 35.3 | 17,215.00 |
| Utility Matters | 2.6 | 924.00 |
| Court Hearings | 257.9 | 119,561.50 |
| Claims Objections and Administration | 18.1 | 8,376.50 |
| Plan and Disclosure Statement | 132.3 | 72,442.50 |
| Litigation/Adversary Proceedings | 23.3 | 9,833.50 |
| Professional Retention (MNAT – Filings) | 28.9 | 12,268.00 |
| Professional Retention (Others – Filings) | 68.9 | 31,240.50 |
| Professional Retention (Others – Objections) | 1.5 | 441.50 |
| General Corporate Matters | 2.7 | 1,181.00 |
| General Case Strategy | 26.4 | 14,275.00 |
| Schedules/SOFA/US Trustee Reports | 27.1 | 10,870.00 |
| **TOTAL** | **1,414.00** | **$681,818.00** |

**FINAL EXPENSE SUMMARY**
**VENOCO, LLC., ET AL.**
**(CASE NO. 17-10828 (KG))**

**April 17, 2017 through October 1, 2018**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Court Costs | | $1,095.00 |
| Transcripts | | 5,635.50 |
| Photos/Art/Spec. Duplicating | | 8,401.70 |
| In-House Printing – Color | | 2,507.20 |
| In-House Printing – Black & White | | 3,665.20 |
| Computer Research | Westlaw | 831.59 |
| Meals | | 7,353.40 |
| Messenger Service | | 345.00 |
| Support Staff Overtime | | 38.47 |
| Courier/Delivery Service | | 749.53 |
| In-House Duplicating | | 1,920.50 |
| Pacer | | 1,028.00 |
| Hotel Accommodations | | 1,034.70 |
| Paralegal Overtime | | 22.85 |
| Secretarial Overtime | | 496.86 |
| Travel | | 658.55 |
| Conference Calls | | 304.71 |
| **Grand Total Expenses** | | **$36,088.76** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Venoco, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 17-10828 (KG)<br><br>(Jointly Administered)<br><br>**Objections Due:**<br>November 15, 2018 at 4:00 p.m. (ET)<br>**Hearing Date**:<br>November 30, 2018 at 2:00 p.m. (ET) |

**FINAL APPLICATION OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP, AS DELAWARE BANKRUPTCY CO-COUNSEL FOR THE DEBTORS, FOR ALLOWANCE OF FINAL COMPENSATION AND FOR FINAL REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD APRIL 17, 2017 THROUGH OCTOBER 1, 2018**

Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols"), as Delaware bankruptcy co-counsel for the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), submits this application (the "Application") for final allowance of compensation for professional services rendered by Morris Nichols to the Debtors for the period of April 17, 2017 through and including October 1, 2018 (the "Final Application Period") and reimbursement of actual and necessary expenses incurred by Morris Nichols during the Application Period pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Venoco, LLC (3555); TexCal Energy (LP) LLC (0806); Whittier Pipeline Corporation (1560); TexCal Energy (GP) LLC (0808); Ellwood Pipeline, Inc. (5631); and TexCal Energy South Texas, L.P. (0812). The Debtors' main corporate and mailing address for purposes of these chapter 11 cases is: Venoco, LLC, 3700 Quebec Street, 100-223, Denver, CO 80207.

States Bankruptcy Court for the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "U.S. Trustee Guidelines") and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals (D.I. 199) (the "Interim Compensation Procedures Order"). In support of this Application, Morris Nichols represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016, Local Rule 2016-2, the U.S. Trustee Guidelines, and the Interim Compensation Procedures Order.

## BACKGROUND

3. On April 17, 2017 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors are operating their respective businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee of unsecured creditors has been appointed in these cases.

## MORRIS NICHOLS'S RETENTION

5. Before the Petition Date, the Debtors engaged Morris Nichols as their bankruptcy co-counsel in connection with these bankruptcy cases. On May 4, 2017, the Debtors

2

rendered as co-counsel for the Debtors during the Final Application Period; and (ii) for final reimbursement of actual, reasonable, and necessary expenses incurred in representing the Debtors during the Final Application Period.

## INFORMATION RELATED TO UST GUIDELINES

13. In addition, Morris Nichols states the following as required under section C.5 of the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "UST Guidelines") for the Final Application Period:

   a. During the Final Application Period, Morris Nichols did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees, or terms.

   b. The total fees sought in this Application for the Final Application Period are not higher than the total fees budgeted for the time period covered during the Final Application Period.

   c. The professionals included in this Application for the Final Application Period did not vary their hourly rate based on the geographic location of the bankruptcy case.

   d. The Application includes approximately 23.1 hours and approximately $6,858.50 in fees dedicated to revising time records or preparing and revising invoices that would not normally be compensable outside of bankruptcy during the Final Application Period. In preparing its fee applications, Morris Nichols has made edits to the invoices so as to comply with the Bankruptcy Rules, Local Rules, and UST Guidelines. These edits are a necessary part of Morris Nichols's preparation of each monthly fee application.

   e. The Application includes approximately 5.8 hours and approximately $3,473.50 in fees dedicated to reviewing time records to redact any privileged or other confidential information during the Final Application Period.

   f. Aside from annual step increases, this Application does not include rate increases, as that term is used in the UST Guidelines, since retention.

14. The blended hourly rate for all Morris Nichols timekeepers (including both professionals and paraprofessionals) who billed to matters excluding chapter 11 representations (collectively, the "Non-Chapter 11 Matters")[3] during the 12-month period beginning on October 1, 2017 and ending on October 1, 2018 (the "Comparable Period") was, in the aggregate, approximately $585.48 per hour.[4]

15. The blended hourly rate for all Morris Nichols timekeepers (including both professionals and paraprofessionals) who billed on the Application during the Final Application Period was, in the aggregate, $482.19 per hour.

16. A detailed comparison of these rates is as follows:

| Position at Morris Nichols | Blended Hourly Rate for Final Application Period | Blended Hourly Rate Non-Chapter 11 Matters |
| --- | --- | --- |
| Partner | $721.32 | $779.69 |
| Special Counsel[5] | $594.45 | $570.96 |
| Associate | $414.63 | $464.63 |
| Paralegal | $296.74 | $272.22 |
| Case Clerk | $160.87 | $179.70 |

---

[3] It is the nature of Morris Nichols's practice that certain non-bankruptcy engagements require the advice and counsel of professionals and paraprofessionals who work primarily within Morris Nichols' Business Reorganization and Restructuring Group. Accordingly, Non-Chapter 11 Matters consist of matters for which Morris Nichols timekeepers represented a client in a matter *other than* court-approved chapter 11 representations. The Non-Chapter 11 Matters therefore include time billed by Morris Nichols timekeepers who work within Morris Nichols's Business Reorganization and Restructuring Group.

[4] Morris Nichols calculated the blended rate for Non-Chapter 11 Matters by dividing the *total dollar amount* billed by Morris Nichols timekeepers to Non-Chapter 11 Matters during the Comparable Period by the *total number of hours* billed by such Morris Nichols timekeepers to Non-Chapter 11 Matters during the Comparable Period.

[5] Morris Nichols employed four individuals in the position of Special Counsel during the Comparable Period, three of which worked primarily on non-chapter 11 matters.

17. During the Final Application Period, 9 Morris Nichols professionals and paraprofessionals billed less than fifteen hours.

18. Exhibits A, B, and C attached hereto, contain certain schedules pursuant to the UST Guidelines.

## THE FINAL APPLICATION PERIOD

19. Morris Nichols seeks allowance of $681,818.00, for actual, reasonable, and necessary legal services rendered to the Debtors during the Final Application Period and $36,088.76 as reimbursement of actual, reasonable, and necessary expenses incurred in connection with the rendition of such services during the Final Application Period. Detailed descriptions of the services rendered and expenses incurred by Morris Nichols during the Final Application Period are set forth on Exhibits A and B, respectively, of the monthly fee applications filed by Morris Nichols in these chapter 11 cases. Morris Nichols requests that the Debtors be authorized and directed to pay Morris Nichols an amount equal to the sum of the allowed compensation and expense reimbursement during the Final Application Period, less any amounts previously paid by the Debtors.

20. During the Final Application Period, Morris Nichols served as Delaware bankruptcy co-counsel to the Debtors, assisting Bracewell in providing the typical panoply of chapter 11 services to the Debtors. These services included, but were not limited to assisting Bracewell with: (i) preparing and filing documents related to "first-day" relief, and obtaining approval of such relief; (ii) assisting Debtor professionals in drafting and filing retention and fee applications; (iii) drafting and filing the Plan, its related disclosure statement and Plan supplement documents; (iv) communicating with creditors and other parties in interest regarding the Plan and other matters; (v) assisting with the research and analysis of various plan-related

WHEREFORE, Morris Nichols respectfully requests that this Court: (i) allow Morris Nichols (a) final compensation in the amount of $681,818.00; for actual, reasonable, and necessary services rendered to or on behalf of the Debtors during the Final Application Period, (b) final reimbursement of $36,088.76 for actual, reasonable, and necessary expenses incurred during the Final Application Period, (c) authorize and direct the Debtors to pay Morris Nichols an amount equal to the sum of such allowed compensation and reimbursement, less any amounts previously paid by the Debtors; and (iii) grant such other further relief as the Court deems just and proper. The Debtors respectfully request entry of the Proposed Order, attached hereto as Exhibit D, granting the relief requested herein and granting such other relief as is just and proper.

Dated: October 26, 2018
Wilmington, Delaware

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Matthew O. Talmo*
        Robert J. Dehney (No. 3578)
        Andrew R. Remming (No. 5120)
        Matthew O. Talmo (No. 6333)
        1201 North Market Street, 16th Floor
        P.O. Box 1347
        Wilmington, Delaware 19899
        Telephone: (302) 658-9200
        Facsimile: (302) 658-3989
        rdehney@mnat.com
        aremming@mnat.com
        mtalmo@mnat.com

        *Counsel for Debtors and Debtors in Possession*

**Exhibit A**

**Customary and Comparable Compensation Disclosures**

Morris Nichols's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy attorneys. In addition, Morris Nichols's hourly rates for bankruptcy services are comparable to the rates charged by Morris Nichols, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.

The blended hourly rate for all Morris Nichols timekeepers who worked on these cases is approximately the same as the firm's blended rate for all timekeepers over a Comparable Period (defined below). In particular, the blended hourly rate for all Morris Nichols timekeepers (including both professionals and paraprofessionals) who billed to matters excluding chapter 11 representations (collectively, the "Non-Chapter 11 Matters")[1] during the 12-month period beginning October 1, 2017 and ending on October 31, 2018 (the "Comparable Period") was, in the aggregate, approximately $585.48.[2] By comparison, the blended hourly rate for all Morris Nichols timekeepers (including both professionals and paraprofessionals) who worked on these cases during the Application Period was, in the aggregate, $482.19.

The following table shows blended hourly rates by category of professional and paraprofessional (rounded to the nearest dollar):

| Position at Morris Nichols | Blended Hourly Rate for Final Application Period | Blended Hourly Rate Non-Chapter 11 Matters |
|---|---|---|
| Partner | $721.32 | $779.69 |
| Special Counsel[3] | $594.45 | $570.96 |
| Associate | $414.63 | $464.63 |
| Paralegal | $296.74 | $272.22 |
| Case Clerk | $160.87 | $179.70 |

---

[1] It is the nature of Morris Nichols's practice that certain non-bankruptcy engagements require the advice and counsel of professionals and paraprofessionals who work primarily within Morris Nichols's Business Reorganization and Restructuring Group. Accordingly, Non-Chapter 11 Matters consist of matters for which Morris Nichols timekeepers represented a client in a matter *other than* court-approved chapter 11 representations. The Non-Chapter 11 Matters include time billed by Morris Nichols timekeepers who work within Morris Nichols's Business Reorganization and Restructuring Group.

[2] Morris Nichols calculated the blended rate for Non-Chapter 11 Matters by dividing the *total dollar amount* billed by Morris Nichols timekeepers to Non-Chapter 11 Matters during the Comparable Period by the *total number of hours* billed by such Morris Nichols timekeepers to Non-Chapter 11 Matters during the same period.

[3] Morris Nichols employed four individuals in the position of Special Counsel during the Comparable Period, three of which worked primarily on non-chapter 11 matters.