**IN THE UNITED STATES DISTRICT COURT**
**OF DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| ROTHSCHILD DIGITALCONFIRMATION LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 19-1109-MN |
| v. | ) ) | |
| COMPANYCAM, INC., | ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF ROTHSCHILD DIGITAL CONFIRMATION LLC'S RESPONSE TO**
**COMPANYCAM INC.'S ATTORNEY'S FEES SUBMISSION**

# TABLE OF CONTENTS

**Page**

I.   DEFENDANT'S FEES REQUESTS ARE UNREASONABLE ...............................................1

   A.   Defendant's counsel billed time unrelated to the litigation. .......................................1
   B.   Ms. Keller performed services that were not necessary for the litigation and
        duplicated efforts of Mr. Russell. ..........................................................................1
   C.   Ms. Lamkin's hourly rate is unreasonably high..........................................................3

V.   CONCLUSION.......................................................................................................................5

## TABLE OF AUTHORITIES

**Page**

*Avera v. Sec'y of Health & Human Servs.,*

515 F.3d 1343 (Fed. Cir. 2008)......................................................................................1

*Large Audience Display Sys., LLC v. Tennman Productions, LLC,*

660 Fed.Appx. 966 (Fed. Cir. 2016)..............................................................................1

*Special Devices, Inc. v. OEA, Inc.,*

269 F.3d 1340 (Fed. Cir. 2001)......................................................................................1

## I.    DEFENDANT'S FEES REQUESTS ARE UNREASONABLE

In exceptional cases, a district court may award an amount of fees that "bear some relation to the extent of the misconduct." *Large Audience Display Sys., LLC v. Tennman Productions, LLC*, 660 Fed.Appx. 966, 972 (Fed. Cir. 2016), quoting, *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1344 (Fed. Cir. 2001).  The court "calculates the attorney's fees by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.*, quoting, *Blum v. Stenson*, 465 U.S. 886, 888 (1984).  The court must also examine the attorney's skill, experience, and reputation.  *Id.*  Furthermore, fee rates are determined by the forum of the litigation, not the location of the attorney.  *See Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1350 (Fed. Cir. 2008).  The district court should further determine whether the amount of time billed by partners and the quality of time billed was reasonable.  *See Large Audience Display Sys., LLC*, 660 Fed.Appx. at 973.

### A.    Defendant's counsel billed time unrelated to the litigation.

The requests made by Defendant's counsel are excessive.  Defendant's counsel expended time on matters that did not bear "some resemblance to the extent of the misconduct" alleged.  Ms. Lamkin expended 2.7 hours on October 28, 2019 drafting a "summary of case to investors; review merits of case for [letter to investors]."  *See* Declaration of Rachael D. Lamkin at 3.  Ms. Lamkin's letter to investors relates to CompayCam's business activities, not the litigation or activities of Rothschild. Therefore, these hours should not be included in the calculation of fees.

### B.    Ms. Keller performed services that were not necessary for the litigation and duplicated efforts of Mr. Russell.

In his declaration, Mr. Russell provides Exhibit 1 showing the time billed by Karen E. Keller and Mr. Russell.  Exhibit 1 shows that when Mr. Russell started work on the case in January 2020, Ms. Keller's contribution diminished to "multiple correspondence."  *See, e.g.,*

- 1 -

Declaration of Mr. Russell, Ex. 1 at 7.  Ms. Keller made these entries on:

    1)  January 9, 2020 (0.1)

    2)  January 17, 2020 (0.1);

    3)  February 11, 2020 (0.1);

    4)  February 14, 2020 (0.2);

    5)  February 16, 2020 (0.1);

    6)  February 18, 2020 (0.1);

    7)  February 19, 2020 (0.1);

    8)  March 5, 2020 (0.1);

    9)  March 9, 2020 (0.1);

    10) March 10, 2020 (0.1);

    11) March 12, 2020 (0.1);

    12) March 13, 2020 (0.1);

    13) March 19, 2020 (0.1);

    14) April 13, 2020 (0.1);

    15) April 16, 2020 (0.3);

    16) July 1, 2020 (0.1).

Ms. Keller also attended the Section 101 motion hearing on March 11, 2020 with Mr. Russell and Ms. Lamkin.  She billed 0.9 hours to attend the hearing, even though she did not argue the matter or perform any functions that day.

Ms. Keller is a founding member of Shaw Keller and Mr. Russell is a partner at the firm. Mr. Russell notes in his declaration that the small size of the firm meant "there was no such associate to work on this matter without shifting him from work for other clients." *See* Russell

Declaration at ¶8.  But this does not mean that multiple partners should bill time to a matter that would require one partner.  There is nothing in the billings noted here that indicate Ms. Keller contributed time worthy of a partner's rate, let alone a rate that places Ms. Keller in the 75th to 90th percentile of billing partners.  *See id.* at ¶18.  Ms. Keller's time spent on "multiple communications" and attending a hearing where two other partners were already on the call should not be included in the calculation for fees.  This totals 2.7 hours of time at a billing rate of $750 per hour for a total of $2,025 that Rothschild requests be removed from the total requested.

      **C.**     **Ms. Lamkin's hourly rate is unreasonably high.**

      Ms. Lamkin asserts in her declaration that her rate of $600 per hour "is less than attorneys of my experience and geographic location (San Francisco California)."  *See* Lamkin Decl. at ¶4.  This is not the correct standard.  The court must determine what a reasonable billing rate is in Delaware for a firm of Ms. Lamkin's size and for an attorney of her experience.  When viewed in its entirety, the evidence submitted in support of their own application shows that Ms. Lamkin's billing rate exceeds all reasonable metrics provided by Defendant's counsel.

      Ms. Lamkin does not provide a basis for what the proper billing rate should be but points to Exhibit 2 of the Russell Declaration.  In that Exhibit, the rates are broken down by experience of the attorney, location, age of the attorney, and size of the law firm.  *See* Russell Decl., Ex. 1 at I-29.  As would be expected, increasing experience of the attorney, location, and size of the practice have large impacts on the mean (average) rates of attorneys.  *Id.*  For instance, an attorney in San Francisco commands an average rate of $665 per hour compared to an attorney in Philadelphia, who commands an average rate of $599 per hour.  *Id.*  Furthermore, an attorney in Philadelphia commands more than an attorney in other parts of the East, where the average rate is $462 per hour.  *Id.*

      Exhibit 1 establishes that Ms. Lamkin's $600 per hour is unreasonably high.  First, Ms.

Lamkin has 14 years of experience where the mean rate is $438 per hour and the median rate is $398 per hour. *Id.* In addition, the size of her firm appears to be 1 attorney. *See* https://www.lamkinipdefense.com/rachael-1. Firms of this size have an average rate of $385 per hour and a median rate of $350 per hour. *See* Russell Decl., Ex. 1 at I-29.

Regarding the location of the work, Mr. Russell attempts to highlight other firms in Delaware as comparators for Shaw Keller and Ms. Lamkin. *Id.* at ¶24. However, these firms are not good comparators for Ms. Lamkin. First, all of the firms noted as comparators have more than 80 attorneys, while Shaw Keller has 6 and Ms. Lamkin is a solo practitioner. As noted in Exhibit 2 of Mr. Russell's declaration, size of the firm impacts billing rate. Indeed, the 90th percentile billing rate for a solo practitioner such as Ms. Lamkin would be the median for the law firms noted in Mr. Russell's declaration.

Second, Mr. Russell notes that Shaw Keller qualifies as a "Band 2" firm according to Chambers based on reputation. *See* Russell Decl. at ¶28. But Ms. Lamkin has not presented any evidence that she would be a Band 2 firm or that her practice has a reputation that demands deviation in her rates from the median rates for firms of her size. Nor has she demonstrated that her reputation exceeds the billing rates for the median attorney having her experience.

Regarding location, neither Mr. Russell nor Ms. Lamkin submitted evidence about the Delaware forum that relates to Ms. Lamkin's size firm. Exhibit 1 includes data on Philadelphia, Washington, DC, and "Other East." The data on Philadelphia is not applicable to what Ms. Lamkin should expect for a rate because small changes in forum can lead to large differences in billing rate. Thus, there is no location data that is useful in determining what Ms. Lamkin's reasonable rate is.

For these reasons, Rothschild respectfully requests that the court reduce the hourly rate

for Ms. Lamkin to $398 per hour, which is the median for an attorney of her experience. This

value is greater than the median for a law firm of her firm's size. Rothschild thus requests the

Court to reduce the amount requested by Ms. Lamkin to $31,999.20, which is 80.4 hours times

$398 per hour.

## V.    CONCLUSION

For all the reasons above, Rothschild requests that the Court award no more than

$67,884.20.


Dated:  November 10, 2020

STAMOULIS & WEINBLATT, LLP

/s/ Stamatios Stamoulis
Stamatios Stamoulis #4606
800 N. West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com


/s/ David A Chavous
David A. Chavous, *Pro Hac Vice*
Chavous Intellectual Property Law LLC
793 Turnpike Street, Unit 1
North Andover, MA 01845
978-655-4309

*Attorneys for Plaintiff*
*Rothschild Digital Confirmation, LLC*

## <u>CERTIFICATE OF SERVICE</u>

 I hereby certify that on this tenth day of November this document was filed through the ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing. Paper copies will be served via email on opposing counsel.

*/s/* Stamatios Stamoulis_____
