IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROTHSCHILD DIGITAL CONFIRMATION LLC, | ) ) ) |
| Plaintiff, | ) ) |
| | ) C.A. No. 19-1109 (MN) |
| v. | ) ) |
| COMPANYCAM, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Pending before the Court is the calculation of a reasonable attorneys' fee to be awarded to Defendant CompanyCam, Inc. Defendant previously filed a Motion for Attorneys' Fees pursuant to 35 U.S.C. § 285. (D.I. 31). On October 13, 2020, the Court granted Defendant's motion. (D.I. 40; D.I. 41). Thereafter, Defendant submitted to the Court an accounting of the attorneys' fees it seeks (D.I. 42; D.I. 43), and Plaintiff filed a response to Defendant's submission (D.I. 44).

Courts typically use the lodestar method to calculate attorneys' fee awards under § 285. *Large Audience Display Sys., LLC v. Tennman Prods., LLC*, 660 F. App'x 966, 972 (Fed. Cir. 2016). Under the lodestar method, an attorneys' fees award is equal to the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Id.*

First, Defendant seeks $49,860, representing 83.1 hours at a rate of $600 per hour, for the work of its lead counsel Rachael D. Lamkin. (D.I. 42 ¶ 12). Plaintiff argues that 2.7 hours, billed for "[d]raft[ing] summary of case for investors; review[ing] merits of case for same," should be deducted because the task was not related to the litigation. (D.I. 44 at 1 (citing D.I. 42 ¶ 11)). The Court agrees that this work for "investors" does not constitute time "reasonably expended on the

litigation" and thus will not count toward the fee calculation. *Large Audience Display*, 660 F. App'x at 972.

Plaintiff also argues that Ms. Lamkin's requested hourly rate is unreasonably high because it is based on Ms. Lamkin's geographic location in San Francisco, California. (D.I. 44 at 3-5). Courts of appeals typically use the market rate of the forum "unless there is some special expertise . . . counsel had that warrants a different rate, or a showing is made that there is a prevailing national rate applicable in patent cases." *Large Audience Display*, 660 F. App'x at 973 (citing *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1350 (Fed. Cir. 2008)). Ms. Lamkin has litigated more than a hundred patent cases and served as lead trial counsel in more than seventy patent cases. (D.I. 42 ¶ 6). She owns a firm that specializes in defending companies against patent monetization entities and has been repeatedly cited by patent litigation blogs and the Federal Circuit in § 285 decisions. (*Id.* ¶¶ 7-9). She also has experience as in-house patent litigation counsel for a company worth $8 billion. (*Id.* ¶ 10). Based on this showing, the Court finds that Ms. Lamkin's special expertise was necessary, and her $600 hourly rate warranted.

Next, Defendant seeks $37,910 for the work of its local counsel, Shaw Keller LLP. (D.I. 43 at 3). Plaintiff argues that the requested amount should be reduced by 2.7 hours billed by attorney Karen E. Keller for "multiple correspondence" and for attending a hearing at which Ms. Keller "did not . . . perform any functions." (D.I. 44 at 1-3 (citing D.I. 43-1 at 7-17)). Plaintiff asserts "[t]here is nothing in the billings noted here that indicate Ms. Keller contributed time worthy of a partner's rate." (D.I. 44 at 3). The Court will not discount the requested fee based on Plaintiff's unsupported assertion that the work was unnecessary and absent evidence that the hours billed and rate charged were unreasonable. *See Dow Chem. Can. Inc. v. HRD Corp.*, C.A. 05-023-RGA, 2013 WL 3942052, at *2 (D. Del. July 29, 2013) ("A sophisticated consumer's arms-length

purchasing of the services establishes . . . reasonableness, at least in the absence of any contrary evidence.").

The Court has reviewed the remainder of the accounting and evidence presented by Defendant and finds the hours and rates to be reasonable. Thus, the Court awards Defendant **$48,240** for the work of Ms. Lamkin and **$37,910** for the work of Shaw Keller LLP.

**THEREFORE, IT IS HEREBY ORDERED** this 23rd day of February 2021, pursuant to the Court's October 13, 2020 Order (D.I. 41), that attorneys' fees are awarded to Defendant CompanyCam, Inc. in the amount of **$86,150**. Plaintiff shall pay said amount to Defendant within forty-five (45) days of the date of this Order.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　The Honorable Maryellen Noreika
　　　　　　　　　　　　　　　　　　　　　United States District Judge