

Andrew E. Russell
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
(302) 298-0704 – Direct
arussell@shawkeller.com

October 27, 2021

**BY CM/ECF & HAND DELIVERY**
The Honorable Maryellen Noreika
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

  Re: *Rothschild Digital Confirmation, LLC v. CompanyCam, Inc.*,
     C.A. No. 19-1109-MN (D. Del.)

Dear Judge Norieka,

  Defendant CompanyCam, Inc. ("CompanyCam") writes to advise the Court as to Plaintiff Rothschild Digital Confirmation, LLC ("RDC") and named inventor/owner Leigh Rothschild's compliance with Court Order Nos. 55 and 58.

  Although Mr. Rothschild has personally served two sets of documents purporting to respond to CompanyCam's discovery requests, the documents fail to do so. (*See* Ex. A (Sept. 28, 2021 discovery responses); Ex. B (Oct. 22, 2021 supplemental responses)). For example, CompanyCam's interrogatories seek the specific names of the persons responsible for certain decision-making at RDC. (Ex. A at nos. 3-9). Mr. Rothschild's unverified responses, however, simply name RDC's counsel of record, Messrs. Chavous and Stamoulis; they do not name any person within the RDC organization or state that no one within RDC was involved. *Id.*

  Mr. Rothschild likewise failed to produce the most of the requested documents, instead stating that "all records can be viewed at a mutually available time at the company's headquarters or offices of accountant." (*Id.* at 4). CompanyCam requested that RDC provide electronic versions of the documents, and offered to provide access to a file transfer service to facilitate their production. (Ex. C at 1). Counsel for RDC refused, stating that he had been terminated as counsel, but that he could pass along the request to RDC. *Id.* RDC never responded.[1]

  Because RDC has not fully responded to the interrogatories or produced all of the requested documents, it has not complied with this Court's order to do so. *See* D.I. 55.

  Regardless of the deficiencies in RDC's discovery responses, however, the scant information Mr. Rothschild did provide in his discovery responses seems to make clear that Mr. Rothschild is the sole owner and decision-maker at RDC. As such, Mr. Rothschild must be the person responsible for RDC's actions, and CompanyCam currently believes there is a basis for

---

[1] On September 27, 2021, counsel for CompanyCam requested that counsel for RDC provide direct contact information for someone at RDC who counsel could contact if the attorneys withdrew. They declined, citing confidentiality concerns, but promised to follow up if RDC permitted. To date, they have not provided that information.

CompanyCam to move to join Mr. Rothschild as a party under Rule 19 in order to allow him the opportunity to defend is decisions leading to an award of fees against RDC. *See* Del. R. Civ. P. Super. Ct. 69; Fed. R. Civ. P. 19(a)(1)(B)(ii); *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 472, 120 S. Ct. 1579, 1587 (2000); *Phigenix, Inc. v. Genentech, Inc.*, No. 15-cv-01238-BLF, 2018 U.S. Dist. LEXIS 136672, at *35-36 (N.D. Cal. Aug. 13, 2018) ("It is well established that an individual officer of a corporation may be joined in his or her sole capacity based on that individual's conduct.").

Further, it now appears that RDC's termination of its attorneys may have been strategic, in an effort to frustrate CompanyCam's efforts to collect its fee award. Specifically, Mr. Chavous represented in a September 27, 2021 meet-and-confer that he had been terminated entirely, including in the appeal, and that he would not be filing a reply brief in the appeal. (Ex. D at 1). His motion to withdraw likewise stated to the Court that RDC had "terminated the representation of . . . Chavous on September 24, 2021. As a result, neither [local counsel] nor Chavous may make any further representation to the Court on behalf of RDC **in any matter**." D.I. 52 at 1 (emphasis added). Mr. Chavous, however, then proceeded to file an appeal brief in this action shortly thereafter. *See* D.I. 56 at 2. When CompanyCam pointed this out in its opposition to his motion to withdraw, Mr. Chavous represented that he had only been terminated "regarding the distinct matter of the fees discovery and all matters before the district court," rather than the appeal. (Ex. D at 1). Thus, it appears that RDC has attempted to surgically terminate its lead counsel only as to the collection of the fee award, but to retain him as to the appeal of that fee award.

As such, CompanyCam believes this Court's ruling that RDC must be represented by counsel, (D.I. 55), must continue as CompanyCam attempts to hold Rothschild responsible for the improper conduct as set forth in this Court's attorney's fees Order, (D.I. 40).

                Respectfully submitted,

                */s/ Andrew E. Russell*

                Andrew E. Russell (No. 5382)

cc:    Clerk of the Court (by CM/ECF & hand delivery)
        All counsel of record (by CM/ECF & e-mail)